7579

### SIMMONS v. OKEETEE CLUB.

PRINCIPAL AND AGENT—CORPORATION.—An agent of a corporation, who shoots and wounds another while working on a railroad some time after and some distance from where he had destroyed a fence of the corporation, which the agent was charged with keeping, after he had been threatened by the agent if he again removed the fence, was not acting within the apparent scope of his authority in doing the shooting.

Before DEVORE, J., Beaufort, January 6, 1909. Affirmed.

Action by Frank Simmons against Okeetee Club and W. D. Thomas. From order of nonsuit, plaintiff appeals.

*Messrs. W. N. Heyward* and *Jervey & Cohen,* for appellant, cite: *Master is liable for the tortious act of his agent:* 27 L. R. A., 166, 172; 14 Id., 737; 31 N. E., 383; 24 L. R. A., 484; 58 S. E., 39; 37 S. C., 380. *In exemplary damages:* 58 S. C., 143; 68 S. C., 94; 3 A. & E. Ann. Cas., 594; 3 S. C., 6; 25 S. E., 411. *Nonsuit improper here:* 37 S. C., 102; 3 S. C., 1; 6 S. C., 83; 7 S. C., 144; 19 S. C., 30; 25 S. C., 93; 25 S. E., 411; 3 A & E. Ann. Cas., 594.

*Messrs. Smythe, Lee & Frost* and *C. J. Colcock,* contra, cite: *What acts of servant master is liable for:* 37 S. C., 198, 378; 72 S. C., 206; 26 Cyc., 1525, 1534; 20 A. M. E., 167-9, 174; Wood on M. & S., sec. 279, 281, 586. *Court could decide issue here:* 37 S. C., 198; 72 S. C., 205. *Agent was acting on his own responsibility and master is not liable:*

26 Cyc., 153, 1519, 1536; Wood on M. & S., 527. *Agent had no authority to shoot plaintiff or anybody else:* 26 Cyc., 1525, 1534, 1536; 20 Ency., 174; Wood on M. & S., 524, 586; 26 Cyc., 1541; 37 S. C., 377, 198; 72 S. C., 206; 77 S. C., 546; 14 L. R. A., 934; 70 L. R. A., 731; 14 L. R. A., 734; 70 L. R. A., 915; 53 N. W., 768; 47 At., 261; 48 S. E., 818; 56 At., 999.

May 14, 1910. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for punitive damages alleged to have been sustained by the plaintiff.

The allegations of the complaint, material to the questions presented by the exceptions, are as follows:

"That the defendant, W. D. Thomas, is an agent and servant of the defendant, Okeetee Club, and as such is charged with the care and protection of the property of the said Okeetee Club, within the State of South Carolina.

"That on or about the 24th day of October, 1906, the defendant, Okeetee Club, through its servants and agents, wantonly, wilfully and maliciously entered upon the lands of the plaintiff at or near Hardeeville, in said State, and erected thereon a fence, which said fence connected with a fence, the property of the said Okeetee Club, east and west of the land of the plaintiff.

"That thereupon, and on or about the 1st day of March, 1907, plaintiff, because of threats against him made by the defendant, W. D. Thomas, and other persons as agents and servants of the Okeetee Club, was compelled to leave the tract of land before mentioned, and seek personal safety by leaving said property in the possession of a tenant.

"That thereupon the said Okeetee Club wantonly, wilfully and maliciously entered upon the said property, built a wire fence thereon and otherwise attempted to exercise thereon acts of ownersihp.

"That being advised that this act of ownership might endanger his title to said tract of land, the plaintiff cut down and removed the fence, and otherwise asserted his right of of possession; whereupon the defendant, W. D. Thomas, as agent for the Okeetee Club, as aforesaid, and in discharge of his duty to said Okeetee Club, and acting within the scope thereof, again threatened the plaintiff, saying, that if he again cut and removed the before mentioned fence, he, the plaintiff, would be killed.

"That thereupon the said fence was rebuilt by the said defendant, its servants and agents, and true it is that on the 3d of April, 1907, it was removed again by the plaintiff, whereupon the said W. D. Thomas, as agent of the Okeetee Club, as aforesaid, in pursuance of his threat aforesaid, in discharge of his duty to said Okeetee Club and acting within the scope thereof, on the said day and year, sought the plaintiff and wantonly, wilfully and maliciously did shoot and wound him.

"That the plaintiff was twice shot by the defendant, W. D. Thomas, as agent aforesaid, the plaintiff being unarmed, and was severely wounded in the head and body."

At the close of the plaintiff's testimony, the defendant, Okeetee Club, made a motion for a nonsuit, on the following grounds:

"Because the testimony fails to connect the Okeetee Club with the injury to the plaintiff, so as to make the Okeetee Club responsible therefor; in fact, the testimony fails to show that the injury to the plaintiff was due to the Okeetee Club, or to the acts of any of its agents, or employees, when acting within the scope of their authority."

There was testimony to the effect that the fence was erected on lands belonging to the plaintiff; that the defendant, Thomas, granted permission to the Okeetee Club to put a fence over his line, connecting the two fences of the club; that the duly authorized servants of the club built the fence for its benefit; that the defendant, Thomas, was the agent of

the club, and duly authorized to protect the property of the club, including the fence in question.

We proceed to consider, whether there was any testimony tending to show that the shooting of the plaintiff by Thomas was within the apparent scope of his authority to protect the fence.

The undisputed testimony showed that at the time of the shooting the fence had been cut by the plaintiff, who had resumed work on the railroad about sixteen hundred feet from the place where the fence had stood; and of course he was not then attempting to injure the fence. The act of destroying the fence was then completely executed. If the testimony had shown that the shooting took place while the work of destruction was *in fieri,* the nonsuit would have been improper. But we fail to see what relation the shooting had to the protection of the property, as it could not be successfully contended that it would prevent the plaintiff, in future, from cutting the fence. Under such circumstances the Court cannot hold that there was testimony tending to show that the shooting was within the implied authority of the agent.

Judgment affirmed.