No. 22,129.

EMILY A. NORRIS, *Appellee,* v. W. P. YORK, *Appellant.*

SYLLABUS BY THE COURT.

1. CANCELLATION OF DEED—*Fraud, Coercion, Undue Influence—Plaintiff's Right to Maintain Action.* Although the pleadings in an action to cancel a deed may admit that plaintiff first unlawfully acquired the land involved through the aid and connivance of the defendant, yet the plaintiff may maintain her action against the defendant where it is alleged that she was compelled through fraud, coercion, fear and undue influence to convey the land to the defendant, when such wrongdoing of defendant had no material relation to the original wrongdoing of both parties in the original acquisition of the property.

2. SAME—*Rule of In Pari Delicto—Not Applicable.* The rule, that where both parties are in equal wrong the situation of the defendant is the stronger, does not apply where the original wrongdoing is consummated and unrelated to. the later and independent wrongdoing of the defendant of which the plaintiff complains.

3. SAME—*Pleadings—Defendant's Answer Raised an Issue—Motion for Judgment Wrongfully Sustained.* Plaintiff's petition alleged that through fraud, fear, deceit and undue influence she was constrained to convey her land to the defendant, her son-in-law. She sought a cancellation of the deed. Defendant's answer alleged in substance that he had conspired with plaintiff to violate the federal land laws pertaining to the acquisition of title to the public domain, and denied the plaintiff's allegations of fraud, etc. Plaintiff's motion for judgment on the pleadings was sustained. *Held,* error, defendant's answer having raised an issue of fact which should be tried out and could not be summarily disposed of on motion or demurrer.

Appeal from Seward district court; GEORGE J. DOWNER, judge. Opinion filed November 8, 1919. Reversed.

*Eugene W. Davis,* and *H. A. Gaskill,* both of Liberal, for the appellant.

*G. W. Sawyer,* of Liberal, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal concerns the sufficiency of pleadings to support a judgment. The plaintiff, an elderly woman, sued the defendant, her son-in-law, to secure the cancellation of a deed to certain lands in Seward county which plaintiff had acquired from the national government under the homestead

law. Plaintiff alleged that she is about 80 years of age, feeble in mind and body, uneducated and inexperienced in business affairs; that owing to her relationship to defendant she reposed confidence in him; that in January, 1917, defendant demanded that she convey her land to him, and threatened to contest her right to the land and to give her trouble over her proof of homestead settlement and occupation, and threatened to turn her out of doors and make her walk back to Crawford county—

"At divers times represented that he could and would cause her trouble, and in various ways and means endeavored to induce this plaintiff to make a deed conveying said premises to the defendant; that said statements and conduct, and acts of the defendant toward this plaintiff intimidated this plaintiff and caused her to believe that the said defendant would turn her out, contest her and give her trouble, and while being unduly influenced by the defendant in said manner, and in order that the defendant might carry out his purpose in procuring said deed to said premises, the said defendant, knowing of the inexperience of this plaintiff, her age and enfeebled condition, and for the purpose of lulling her into a state of fear and forcing her to execute said deed without due consideration of her acts and conduct, and the force and effect of said transaction, and without giving her an opportunity to seek advice and realize her rights in said premises, the said defendant secretly arranged and caused various public officers of the county of Seward and state of Kansas, to call upon her and her daughter in the night time, at their home in the shack on said premises, in the absence of the defendant, and on a pretense of procuring a settlement and adjusting matters of difference that appeared to exist between the defendant and this plaintiff, the said defendant caused such persons to call upon this plaintiff and exact of her a deed to said premises above described, and one of the public officers acting as the agent of the said defendant, then and there demanded a deed to the said tract of land, suggesting that she 'sign the agreement,' and that it would get her more money and cause her less trouble, saying that the defendant wanted her to get away from there with as much money and little trouble as possible; that the said agent urged this plaintiff to come on and sign this instrument; that this defendant being in a state of mind that she did not realize or know what she was doing, nor realize the force and effect of her acts, and being surprised in such manner under the influence of the said defendant and his agent, in company with said public officers, and realizing the threats and feeling the intimidation caused by the said defendant, signed a paper at the request of said agent, which this plaintiff thereafter learned was a deed to her premises . . . Plaintiff alleges that she at no time agreed or contracted to sell said premises to the said defendant; that the said deed was procured through fraud, misrepresentations and duress and undue influence of the defendant, his agents and various persons connected with said transaction; that the deed was procured without adequate consideration."

Defendant's demurrer was overruled, and he answered, in substance, that he and plaintiff entered into certain unlawful agreements to defraud the United States out of the land homesteaded by plaintiff; that he desired the land for his own use, and induced the plaintiff to come from McCune (Crawford county), Kansas, to Seward county and settle upon the lands involved herein (then a part of the public domain); that he agreed to and did pay all the filing fees, built the homestead cabin, and agreed to buy the lands from her as soon as she proved up; that he agreed to and did support her during the required period of occupancy of the lands involved, and that she agreed that he should have those lands for $500, and that he had paid that sum therefor, and—

"This defendant further shows to the court that the contract and agreement had and entered into between plaintiff and defendant, relative to the filing upon, proof and conveyance of said land, as hereinbefore set forth, was and is contrary to public policy and the laws of the United States and therefore null and void; and that plaintiff is now precluded from and not entitled to the relief prayed for in said petition."

Another paragraph of the answer reads:

"This defendant specifically denies that there was any threats, fraud or duress used or practiced by this defendant in the execution of said deed, and states that said plaintiff made no objections thereto until long after the same was executed and delivered."

Plaintiff's motion for judgment on the pleadings was sustained; the deed was canceled; and defendant appeals.

Defendant invokes the old rule, "In pari delicto, potior est conditio defendentis," which means that among those in equal wrong the situation of the defendant is the stronger. Plaintiff's motion for judgment, in effect a demurrer, conceded for the purpose of testing its sufficiency the truth of the matters alleged by defendant touching the illegal transactions of plaintiff and defendant relating to the federal land laws; and if that were all that were involved, he might walk off with these illgotten acquisitions of the public domain. But apart from those alleged illegal transactions, with which a court of equity would not ordinarily concern itself, although in some cases it does (Saylor v. Crooker, 97 Kan. 624, and citations, 156 Pac. 737), there was an independent and disputed issue of fact in the pleadings of the parties which could not be summarily disposed of by a demurrer or motion for judgment. That was the issue of

Dudas v. Railway Co.

fraud, coercion, and undue influence, alleged by plaintiff and denied by defendant, whereby the plaintiff was constrained, in her ignorance and fear and against free will, to convey her lands to defendant. On that issue it was immaterial, if true, that prior thereto, and with the connivance of the defendant, the plaintiff had defrauded the federal government and offended its beneficent laws pertaining to the public domain. If the plaintiff has sinned against those laws, the national government may exact a return of its property; but the defendant cannot take those lands from his aged mother-in-law through fraud, deceit, and coercion.

The doings of the plaintiff and defendant in relation to the acquisition of the plaintiff's title from the government have no necessary relation to the fraud and coercion alleged to have been practiced on plaintiff whereby she was constrained to convey her lands to defendant. (See *Harper v. Harper*, etc., 85 Ky. 160, and note in 7 Am. St. Rep. 587.) But defendant denied these impositions upon his mother-in-law. She must therefore prove them to support her action; and defendant must have an opportunity to defend on that issue. This was denied him when judgment was entered on the pleadings. Therefore the judgment is reversed, and the cause is remanded for further proceedings.