No. 41,511

ROBERT M. BAKER, as administrator of the Estate of Carrie Brial, deceased, *Appellant*, v. PAUL BRIAL, BERTHA BRIAL, and the BUCKLIN STATE BANK OF BUCKLIN, KANSAS, a Corporation, *Appellees*.

(341 P. 2d 987)

Opinion filed July 10, 1959.

*Robert M. Baker*, of Ashland, argued the cause, and was on the briefs for the appellant.

*Harry A. Waite*, of Dodge City, argued the cause, and *E. C. Minner*, of Dodge City, was with him on the brief for appellee, Bucklin State Bank.

*Willis A. Shattuck*, of Ashland, argued the cause and was on the brief for appellees, Paul Brial and Bertha Brial.

The opinion of the court was delivered by

JACKSON, J.: Appellant appeals from the order of the trial court sustaining demurrers of the appellees to his amended petition on the ground of misjoinder of actions.

Appellant filed the petition here involved as the administrator of the estate of Carrie Brial, deceased. The somewhat unusual question here propounded for decision is most easily illustrated by setting forth the principal parts of the petition. After alleging the administrator's appointment, the pleading continued:

"That one Carrie Brial died intestate on October 19, 1955. At the time of her death she was the sole and absolute owner of a checking account in the Bucklin State Bank of Bucklin, Kansas, in the amount of $4,378.00.

"That on the 25th day of October the defendant Paul Brial by check of such date, and signed by the said Paul Brial, fraudulently withdrew from the

aforesaid account of Carrie Brial, the sum of $4,378.00 and converted the same to his use and to the use of Bertha Brial.

. "That the Bucklin State Bank of October 25, 1955, fraudulently converted and allowed the said Paul Brial to withdraw such money and to further convert the same to his use and to the use of the defendant Bertha Brial.

"That the aforesaid unlawful conversions of the aforesaid sum of $4,378.00 is unjust enrichment and constitutes a fraud upon the estate of the said Carrie Brial and upon her lawful heirs.

"That the aforesaid sum of $4,378.00 constitutes part of the assets of the Estate of Carrie Brial, and that such fraudulent appropriation and conversion was not discovered by plaintiff until after his appointment as such administrator on June 25, 1956."

The pleading concludes with an allegation of demand upon the defendants and refusal upon their part to repay the funds, and a prayer for judgment in the sum of $4,378.00 together with costs.

It will be seen that the above petition is drawn in the form of one cause of action, but appellees quite rightly suggest that if more than one cause of action be commingled in the pleading and likewise misjoined therein, the petition may be attacked on the ground of misjoinder of actions without first requiring the actions to be separately stated and numbered.

It may be noticed that there appears in the above petition a liberal use of the words "fraud" and "fraudulent." It is a well-known rule that the use of such words adds nothing to the pleading unless facts to support such conclusions of evil-mindedness are specifically pleaded. (*La Harpe Farmers Union v. United States F. & G. Co.,* 134 Kan. 826, Syl. ¶ 3, 8 P. 2d 354; *Stice v. Beacon Newspaper Corporation,* 185 Kan. 61, 340 P. 2d 396; Dassler's *Kansas Civil Code,* Ch. 11, § 12; Clark *Code Pleading 2d Ed.,* p. 311, § 48.) It will also be noted that the defendant bank is alleged to have "converted" the account belonging to the estate of Carrie Brial. It is clear that the relation between a bank and a depositor is one of debtor and creditor, and it would seem impossible for the debtor to convert the debt owed to his creditor. The pleader would seem to fail to state a cause of action in tort against the bank. But, liberally construed, the petition may be said to charge that the bank wrongfully paid out the money due in the account of the estate. Therefore, it is alleged that the estate has a cause of action against the bank sounding in contract for the amount of the bank account.

Turning now to the allegations referring to Paul and Bertha Brial, we find that it is alleged that they converted the money of the estate. But if the money was wrongfully paid to them, the money would

constitute the property of the bank and not the property of the estate; hence it is difficult to find an actual conversion in the situation alleged. All that is actually alleged is a wrongful interference with the bank account. Such a cause of action would sound in tort.

Thus, plaintiff's action against the defendant bank is in contract and the action against defendants Brial is in tort. Moreover, the contract action against the bank does not affect the Brials, while the tort action against the Brials does not affect the bank. When the petition is thus construed, it contains two causes of action improperly joined and the demurrers upon the ground of misjoinder of actions were correctly sustained. The present code of civil procedure provides in section 60-601, G. S. 1949 the following rule as to the joinder of actions:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have been heretofore denominated legal or equitable, or both. But the causes of action so united must affect all the parties to the action, except in actions to enforce mortgages or other liens."

Of course, the causes were misjoined because they did not affect all of the parties to the action and not because one of the causes of action sounded in contract and the other in tort. Attention may be directed to the discussion of the subject of misjoinder of actions under the Kansas code of civil procedure in 23 Journal Kansas Bar Association 103. Plaintiff may now proceed to file separate petitions setting forth his two causes of action under G. S. 1949, 60-709, if he so desires.

The orders of the trial court should be affirmed, and it is hereby so ordered.