No. 43,826

WALTER E. BEGGERLY, *Appellant*, v. CECIL WALKER, BILL DAVIS, EARL WEST, PARSONS AERIE No. 411, Parsons Kansas, Subordinate Lodge of the Fraternal Order of the Eagles, and HARRY A. ABNEY, RALPH CAMPBELL and GUY MULLEN, Trustees of PARSONS AERIE No. 411, Parsons, Kansas, Subordinate Lodge of the Fraternal Order of the Eagles, *Appellees*.

(397 P. 2d 395)

Opinion filed December 12, 1964.

*Charles F. Forsyth*, of Erie, argued the cause, and *Clark M. Fleming*, of Erie, was with him on the briefs for the appellant.

*Glenn Jones* and *A. L. Foster*, both of Parsons, argued the cause, and were on the briefs for the appellees.

The opinion of the court was delivered by

FONTRON, J.: This is an action brought by the plaintiff to recover for damages sustained as a result of an alleged assault and battery.

So far as material to the questions raised on this appeal, the amended petition reads as follows:

"3. That at all times mentioned hereinafter, the defendant Bill Davis was a member, agent and employee of the Parsons Aerie No. 411, Parsons, Kansas, Subordinate Lodge of the Fraternal Order of the Eagles, in general charge of the club rooms of said organization, and on this specific date, engaged as a bar tender dispensing liquor and other beverages over the bar located on the premises; and the defendant Earl West was a member, agent and employee of said organization specifically engaged in acting as the 'stick man' at the dice table operated by said organization, selling chips, placing bets, and in general operating said dice game; and that both said defendants, at the date and times mentioned, were acting within the scope of their membership and employment; that the defendant Cecil Walker was employed by said organization, assisting the said Bill Davis in tending the bar and maintaining the premises and in keeping order on said premises.

"4. That on June 3, 1962, the Parson Aeire [sic] No. 411, Parsons, Kansas, Subordinate Lodge of the Fraternal Order of the Eagles, by and through their Trustees above named, operated a club room or rooms at 1830½ Broadway Street, Parsons, Kansas, open to members and to the public for the purpose of dispensing beverages, maintaining dice and card games and slot machines, all of which members and guests are invited to play. That on said date, the plaintiff, in the company of one Dean Ross, went to said premises at about the hour of 4:30 P. M. as a guest, not being a member. That he had been drinking alcoholic beverages, but was not intoxicated. That he and his companion, Ross, bought a bottle of whiskey at the bar of said club and were then invited by the defendant Earl West to shoot dice at the crap table operated by the club in charge of said defendant West. That some 15 minutes after he had entered the premises, at the invitation of the said Earl West, plaintiff along with his companion, Ross, did become involved in the crap game and remained in the game for approximately 30 minutes when an argument arose over the defendant West shortchanging the plaintiff and his companion. That the crap table was located in a room some 20 feet from the room containing the bar and easily accessible thereto. That at approximately 5:00 or 5:15 P. M., the defendant Earl West was engaged in a quarrel with Dean Ross, the companion of the plaintiff, but at the intercession of the plaintiff, this quarrel was terminated. That the defendants Bill Davis and Cecil Walker were aware of said argument, but made no attempt to stop it. That later, about 5:30 P. M. on said day, the plaintiff became involved in an argument with the said Earl West and was so engaged when his wife entered the premises and immediately requested the defendant Bill Davis to keep the peace on the premises or call law officers to do the same, or allow her to call officers of the law to do the same, at which time said Bill Davis advised her that he would not call officers of the law, or allow her to call the same, but would stop the argument. That the wife of said plaintiff then went to her husband, took him by the arm, terminating the argument with the defendant West and was walking with him around the crap table to the door leading toward the room where the bar was located, and toward the exit from the club when the de-

fendants Bill Davis and Cecil Walker came into the room and the said Cecil Walker, without provocation, hit the plaintiff on the jaw, knocking him against the crap table and seriously injuring him as hereinafter set out.

5. That the defendant Cecil Walker did unlawfully strike and assault the plaintiff immediately causing his injury, and that the defendants Bill Davis, Earl West, Parsons Aerie No. 411, Parsons, Kansas, Subordinate Lodge of the Fraternal Order of the Eagles, and the trustees thereof, did knowingly and willfully keep, maintain and operate the premises wherein alcoholic beverages were sold and games of chance were operated; having common knowledge with all mankind of the probability of altercations arising under such circumstances; and all of said defendants, by and through the knowledge of the agents and employees, Cecil Walker, Bill Davis and Earl West, of the arguments which preceded the actual injury, and in spite of the request of the plaintiff's wife, showed a complete reckless and wanton disregard for the person and safety of the plaintiff, and allowed or concurred in the action of the said Cecil Walker in striking the plaintiff, all of which acts of the defendants were the proximate cause, or concurred in the proximate cause, of plaintiff's injury and his damages arising therefrom."

For purposes of this opinion, the amended petition will be referred to as the petition, the three individual defendants as Walker, Davis and West, respectively, and Parsons Aerie No. 411 Fraternal Order of the Eagles, located at Parsons, Kansas, and the trustees thereof, as Eagles.

The defendants filed individual demurrers to the petition, all of which, except Walker's, were sustained by the court. The plaintiff has perfected this appeal from the orders sustaining the demurrers of Davis, West and Eagles. No appeal has been taken by Walker from the overruling of his separate demurrer.

So far as the record shows, the trial court filed no memorandum setting forth its reasons for sustaining the demurrers, nor are the grounds for its judgment contained in the journal entry. Thus, we are not advised as to the basis on which the trial court sustained the demurrers. However, Eagles, in its brief, maintains that the lower court's judgment should be sustained for the following reasons: (1) Misjoinder of causes of action; and (2) failure to state facts sufficient to constitute a cause of action against it in that (a) it alleges facts showing plaintiff to be *in pari delicto*, (b) it fails to charge Eagles with proximate cause, and (c) it does not allege a cause of action on a single definite theory. The defendants, Davis and West, have adopted Eagles' brief except as to misjoinder and have also filed a short brief of their own covering proximate cause

and *in pari delicto*. We will first discuss Eagles' contentions in reverse order.

Although complaint is made that the plaintiff's petition is not drawn on a single definite theory, but on a confusion of theories, our rule is to the effect that a pleading which sets forth any cause of action is sufficient to withstand a demurrer directed against it. (*Liberty Glass Co., v. Bath,* 187 Kan. 54, 353 P. 2d 786; *Shirk v. Shirk,* 186 Kan. 32, 35, 348 P. 2d 840.)

The most casual glance at the petition will reveal a cause of action stated against Walker for assault and battery. Furthermore, when the petition is considered in its entirety, we believe it shows that plaintiff has framed his case against Eagles on the theory of *respondeat superior*.

We recognize the general rule, followed in Kansas as well as in other jurisdictions, that a master is not liable for a tortious act committed by his servant, including an assault and battery upon a third person, unless the act be done by authority of the master, either express or implied, or unless the act be done by the servant in the course or within the scope of his employment. (*Hudson v. M. K. & T. Rly. Co.,* 16 Kan. [2d ed.] 470; *Hamilton v. Neff,* 189 Kan. 637, 371 P. 2d 157.) Notwithstanding this rule, we believe that the facts set out in plaintiff's petition bring the case within an exception thereto, which, in brief, may be stated thus: That where an employee's duties involve the preservation of peace and order on the master's premises, or the protection of the master's property from loss or vandalism, an inference arises that the servant is expected to use reasonable force in the performance of his duties and, consequently, the use of force falls within the scope of the servant's employment. The statement of the rule embodying the exception is well and more fully expressed in 6 Am. Jur. 2d, Assault and Battery, § 140, in the following words:

"An employer's vicarious responsibility for an assault committed by his employee may arise on the ground that the employment is of such a nature as to contemplate the use of force, and that, where an employee's duties involve the preservation of peace and order on the premises of the employer, or the protection of the employee's property from theft or vandalism, an inference arises that force, to a reasonable extent, may or is expected to be used in the fulfilment of the duties of the employment, and consequently, the use of such force is within the scope of employment. Where the nature of the employment or the duty imposed on an employee is such that the employer must contemplate the use of force by the employee as a natural or legitimate sequence, the employer will be held liable for the wilful or malicious act of his employee

even though he had no knowledge that the act was to be done and although the act was in disobedience of express order or instructions given by him. Generally, where the employment contemplates some use of force, niceties of distinction are not indulged in to determine whether the use of excessive force was motivated by personal reasons, the view generally taken being that the amount of force to be used is discretionary with the employee, and even though there has been an abuse of such discretion the employer is nevertheless vicariously liable under the doctrine of respondeat superior. This is particularly true where assaults or batteries are committed by bartenders, cashiers, and managers of restaurants, managers and clerks of hotels and inns, and other similar employees who, as part of their duties, are expected to maintain order about the premises, and by store detectives." (pp. 119, 120.)

The foregoing rule was recognized by this court in *Lehnen v. Hines & Co.,* 88 Kan. 58, 127 P. 612, where an action was brought by a hotel guest for damages suffered from an assault upon her by the room clerk, among whose duties was the preservation of order. In this case, it was held:

"A hotel keeper is responsible to a guest for the acts of his servants in charge of a hotel whether the patricular acts were expressly authorized or not, providing the servant was acting in behalf of the proprietor at the time and within the general scope of his employment." (Syl. ¶ 3.)

In the course of its opinion, the court said:

". . . They placed him in authority as to the assignment and occupancy of the rooms and as to maintenance of order by the guests in the rooms, and they can not escape liability where in exercising his authority he may have deviated from instructions and because of a loss of temper or lack of sense and discretion he inflicted an unjustifiable injury upon a guest." (p. 67.)

A comprehensive annotation on the subject is found in 34 A. L. R. 2nd, 412 *et seq.,* where cases from numerous jurisdictions are collected in which recovery has been allowed against the operators of places of public accommodation, such as hotels, restaurants, bars and saloons, for injuries which their employees had inflicted on patrons of such establishments. From the allegations of the instant petition, the drinking and gambling club rooms open to the public or to guests which were maintained by the Eagles would clearly appear to be comparable to the businesses noted above.

Although the petition now before us alleges that the assault was made by Walker after the plaintiff's quarrel with West was concluded, it may reasonably be inferred from the circumstances that it was perpetrated in the course of Walker's employment to maintain order, even though unjustifiable force may have been used. The language of the petition is susceptible to the interpretation

that Walker entered the room with Davis, who had primary charge of the club rooms, to assist Davis in putting an end to an argument between plaintiff and West which Davis had promised the plaintiff's wife he would stop; and that the blow was struck, either to end an argument which Walker and Davis did not realize was terminated, or to prevent further trouble from a quarrelsome guest. The petition, under our rules, is to be liberally construed as against a demurrer, and plaintiff is entitled to the benefit of all reasonable inferences which logically can be drawn from the facts pleaded. (*Merchant v. Foreman,* 182 Kan. 550, 322 P. 2d 740.)

Although it is not specifically so stated, it may also reasonably be deduced from the pleaded facts that Davis, after promising to end the disturbance, had enlisted Walker's help for that purpose and that the two men, both of whom were charged with preserving decorum in the club rooms, together approached plaintiff with such a purpose in view. Accordingly, it is our judgment that a cause of action is alleged against Davis, as well as against the Eagles. A different situation obtains as to West, whose only culpable conduct appears to have been his operation of a gaming table. No fact is alleged which infers that he had any responsibility to quell disorders or that he assumed to act in the capacity of a bouncer. We are constrained to conclude that his demurrer was correctly sustained.

What we have heretofore said disposes of the contention that no act on the part of Eagles or Davis is alleged to have been a proximate cause of plaintiff's injuries. If Eagles, on the principle of *respondeat superior,* and Davis, as an associate of or a participant with Walker in the actual assault, are liable for the injuries proximately resulting from the assault, then proximate cause, in the eyes of the law, will be attributed to both of them, in joint measure with Walker.

The claim advanced by Davis and Eagles that recovery by plaintiff is shown to be barred under the doctrine of *in pari delicto* is without merit. Before a wrongdoer is deprived of the law's protection, his illegal act must have a causal connection with his injury and if at the time of injury he was engaged in a breach of the law which did not proximately contribute to his damage, such circumstance will not preclude his recovery. (52 Am. Jur., Torts, § 92, pp. 436, 437.) In *Norris v. York,* 105 Kan. 448, 185 Pac. 43, this court has held:

"The rule, that where both parties are in equal wrong the situation of the defendant is the stronger, does not apply where the original wrongdoing is

consummated and unrelated to the later and independent wrongdoing of the defendant of which the plaintiff complains." (Syl. ¶ 2.)

Certain cases are cited by defendants in support of the doctrine which involve the element of consent, as in mutual combat. Such cases are not in point. Despite the plaintiff's questionable taste in choosing his recreational activities for the Sabbath, there is nothing in the circumstances depicted in the petition to indicate any assent on plaintiff's part to a disabling blow to the jaw.

Counsel for Eagles has expended considerable effort in arguing misjoinder of causes of action. Notwithstanding the ardent advocacy on the point, we discern nothing which is fatal to the petition on such score and shall not prolong this opinion by extensive comment on the authorities cited. The cases cited are either distinguishable on their facts or else their import has been either misconstrued or misunderstood by counsel.

Our rule concerning joinder of causes of action is set out by statute, G. S. 1949, 60-601, which provides:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have been heretofore denominated legal or equitable, or both. But the causes of action so united must affect all the parties to the action, except in actions to enforce mortgages or other liens."

This court, in *Nichols v. Nold,* 174 Kan. 613, 258 P. 2d 317, has held that an action sounding in tort may be joined with one in implied warranty. In the recent case of *Baker, Administrator v. Brial,* 185 Kan. 322, 341 P. 2d 987, in an action wherein separate causes of action were alleged against different defendants, we have said:

"Of course, the causes were misjoined because they did not affect all of the parties to the action and not because one of the causes of action sounded in contract and the other in tort. . . ." (p. 324.)

As we have already held, the instant petition alleges a cause of action for assault and battery against both Walker and Davis, as joint participants, and against Eagles on the basis of *respondeat superior.* It is apparent that all three defendants are affected by the cause of action which is alleged. Under these circumstances, the defense of misjoinder has no standing.

The judgment of the court below is sustained as to the defendant Earl West. The judgment is reversed as to defendants Bill Davis and Parsons Aerie No. 411, Subordinate Lodge of the Fraternal Order of the Eagles, with instructions that their demurrers be overruled.

It is so ordered.