19321

Donald H. GARDNER, Appellant, v. Nicholas Ross CAMPBELL and Metropolitan Life Insurance Company, Respondents.

(184 S. E. (2d) 700)

*A. Milling Blalock and Peter D. Hyman*, of *Hyman, Morgan, Brown & Blalock*, Florence, *for Appellant*, cite:

*C. Weston Houck, Esq.*, of Florence, *for Respondents*, cites:

November 12, 1971.

BUSSEY, Justice:

The defendant Campbell is an insurance agent employed by Metropolitan Life Insurance Company. On August 24, 1967, plaintiff sustained certain injuries when an automobile owned and operated by Campbell collided with plaintiff's parked vehicle. In this action plaintiff seeks to recover against Campbell and against Metropolitan under the doctrine of respondeat superior.

Pursuant to Circuit Court Rule No. 44, Metropolitan moved for summary judgment on the ground that Camp-

bell was not acting as the agent, servant or employee of Metropolitan at the time of the collision and there was no genuine issue of fact thereabout. Such motion was based upon the pleadings and the deposition of the defendant Campbell. Plaintiff resisted the motion, relying upon the pleadings, the deposition of Campbell and also a deposition of A. Peter Anselmo, District Manager of Metropolitan in Florence. The appeal is from an order granting Metropolitan's motion.

Plaintiff-appellant apparently concedes that the basic material facts are not in dispute, but asserts that they give rise to more than one reasonable inference as to whether or not Campbell was acting within the scope of his employment or agency at the time of the collision, thus giving rise to an issue for determination by a jury and that, accordingly, the lower court was in error in granting summary judgment.

As our Rule 44 is new, it is, of course appropriate to look to persuasive authority from other jurisdictions having essentially the same rule, as to the proper interpretation and application of our rule. Appellant quotes the following from *Phoenix Savings and Loan, Inc. v. Aetna Cas. & Sur. Co.*, 381 F. (2d) 245 (4th Cir. 1967):

"Summary judgment under Rule 56 should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. This is true even where there is no dispute as to the evidentiary facts but only as to conclusions or inferences to be drawn therefrom, and the 'party opposing a motion for summary judgment is entitled to all favorable inferences which can be drawn from the evidence.' *Cram v. Sun Insurance Office, Ltd.*, 375 F. (2d) 670, 674 (4th Cir. 1967)."

The foregoing would appear to be substantially in accord with the weight of authority elsewhere. See 49 C. J. S. Judgments § 219 *et seq.*

The undisputed facts in the case as gleaned from both depositions are as follows. Campbell at the time of his depo-

sition had been employed by Metropolitan for eighteen years. Most of his time was spent traveling and soliciting insurance. He provided his own automobile and worked on a commission basis. He kept essential working papers and supplies in his automobile at all times. He had a fixed territory but made his own schedule and set his own hours. If, however, he wished to take a whole day off, he was required to notify his superior, but the employer kept no record of such days off. Pursuant to such requirement, Campbell a day or two prior to the collision notified Mr. Anselmo that he was taking August 24th off since such was his birthday.

Campbell usually took off on his birthday and did no work thereon. This particular birthday he planned to take his wife to the beach but did not because of rainy weather. He, however, did not work for his employer on the day of the collision. He had lunch at home and afterward, at the request of his daughter, he left home for the purpose of taking his daughter to a friend's house. Immediately after doing so he was proceeding in an easterly direction on Second Loop Road heading for the Chicken Basket Restaurant where he intended to get a cup of coffee. The collision occurred while he was en route.

Despite the clear and uncontradicted testimony of both Campbell and Anselmo to the effect that Campbell was off from work and not about the business of his employer on he day of the collision, appellant argues that a reasonable inference to the contrary may be drawn from circumstances disclosed by the evidence.

Among the circumstances relied upon are these; the car was the one which Campbell used in his employment; the collision occurred during normal working hours on a week day; and the presence of working materials in the automobile at the time of the collision. Neither these circumstances nor any others reflected by the record are inconsistent with the direct, uncontradicted and unimpeached testimony of both Campbell and Anselmo.

"To warrant a conclusion sought to be established in a civil case by circumstantial evidence, the facts and circumstances disclosed by such evidence must be such as, considered in the light of ordinary experience, would lead with reasonable certainty to such conclusion, and not leave it to mere speculation or conjecture. * * *

\* \* \*

" 'A fact cannot be established by circumstances which is perfectly consistent with direct, uncontradicted, and unimpeached testimony that the fact does not exist.' 32 C. J. S. Evidence § 1039, p. 1101; 20 Am. Jur., Evidence, Section 1189, p. 1043; *Esso Standard Oil Co. v. Stewart,* 190 Va. 949, 59 S. E. (2d) 67, 18 A. L. R. (2d) 1319; *City of Summerville v. Sellers,* 94 Ga. App. 152, 94 S. E. (2d) 69." *Williams v. Ford,* 233 S. C. 304, 104 S. E. (2d) 378.

We are satisfied that the lower court correctly concluded that there was no genuine issue as to any material fact and that under the undisputed testimony Metropolitan was, as a matter of law, entitled to summary judgment in its favor.

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.