0796

GEORGETOWN COMMUNICATIONS, INC., Appellant v. Mary Alice WILLIAMS, as Chairman, and Houston Parsons, Virginia Skinner, Susan Sawyer, Lucius McInnis, Genevieve Peterkin, Woody Cox, Ellis Means, and Barbara Huell, as Members of the Georgetown County Board of Education, Respondents.

(348 S. E. (2d) 396)

Court of Appeals

*Eugene S. N. Lawrimore,* Georgetown, *for appellant.*

*Bruce E. Davis,* Camden, *for respondents.*

Heard June 25, 1986.

Decided Sept. 8, 1986.

MENDENHALL, Acting Judge:

Appellant, Georgetown Communications, Inc., owner of *The Georgetown Times,* a newspaper published in Georgetown County, brought this suit seeking under the provisions of the South Carolina Freedom of Information Act (FOIA)[1] a permanent injunction enjoining the Georgetown County Board of Education from conducting closed meetings when considering petitionary complaints against the Superintendent of Education of Georgetown County. The Trial Judge granted the Board's motion for summary judgment, finding the Board had not violated the provisions of the FOIA. Georgetown Communications appeals. We affirm.

Circuit Court Rule 44, which was in effect when this case was heard, provides that summary judgment shall be rendered when the pleadings and depositions, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Moreover, it has been held that summary judgment should be granted only where it is perfectly clear that no genuine issue of fact is involved and inquiry into the facts is not desirable to clarify the applica-

---

[1] Code of Laws of South Carolina, 1976, as amended. Section 30-4-10 et seq.

tion of the law. *Gardner v. Campbell,* 257 S. C. 209, 184 S. E. (2d) 700 (1971). In determining whether triable issues of fact exist, all inferences from the facts shown by the record must be viewed in the light most favorable to the party opposing the motion for summary judgment. *Eagle Const. Co., Inc. v. Richland Const. Co., Inc.,* 264 S. C. 71, 212 S. E. (2d) 580 (1975). In the face of these principles of law, we consider the case before us.

On December 11, 1984, the Georgetown County Board of Education held its regular meeting, during which it was presented with a petition bearing the signature of 341 persons, who declared therein their dissatisfaction with the Superintendent of Schools and recommended that he be replaced by "a competent, qualified individual." The petition gave no specific reasons for the petitioners' discontent.

The Chairman, after consultation with the Board's attorney, decided that the Board would discuss the petition in closed session in order to ascertain the basis of the request that the Superintendent be dismissed. Accordingly, notice was given of a special Board meeting to be held on December 17. At that meeting the Board was presented with yet another petition, bearing 772 signatures in support of the Superintendent. The Board voted to meet in closed session, during which Mrs. Aileen Hutchinson, who had presented the petition recommending that the Superintendent be replaced, was called in and asked to identify and discuss the reasons for her petition. In response, Mrs. Hutchinson presented the Board a prepared statement and a list of grievances against the Superintendent, to which the Board responded. Thereafter, Dr. Derrick Stalvey, a former member of the Board, who had presented the petition supporting the Superintendent, was called in and asked whether he knew of any reason which would justify the Superintendent's dismissal.

After being satisfied that the transpirance of the petitioners' reasons for seeking the removal of the Superintendent would not constitute an unreasonable invasion of his privacy and, further, that petitioners' reasons were not worthy of further exploration, the Board voted to give to the public a full account of what had occurred. Having reassembled in open session, the Board read, successively, the

two petitions, the prepared statement and list of grievances as presented by Mrs. Hutchinson, the Board's response to the questions and concerns raised by the petitioners, and a Board statement that, in its view, no cause existed for the removal of the Superintendent.

Appellant first contends that the Trial Judge erred in granting the Board's motion for summary judgment in that there was a genuine issue of fact, that issue being whether discussions between the Board and the presenters of the petitions were properly held in closed session under the provisions of the FOIA. Section 30-4-70 of the Code provides:

"(a) A public body may hold a meeting closed to the public for one or more of the following reasons:
(1) discussion of employment, appointment, compensation, promotion, demotion, discipline or release of an employee ..."

Section 30-4-40 provides:

"(a) the following matters may be exempt from disclosure under the provisions of this chapter:

.    .    .    .    .

(2) information of a personal nature where the public disclosure thereof would constitute unreasonable invasion of personal privacy...."

The petition presented to the Board stated that the signers sought the dismissal of the Superintendent. No reasons were specified. The only practical way to determine what the reasons might be and whether the matters to be considered might constitute an invasion of the Superintendent's right of personal privacy was to interview a representative of the petitioners. This they did. The first petition sought the Superintendent's dismissal. The Board considered the matter and determined there was no just cause for the Superintendent's removal. Discussion concerning dismissal of an employee is an exemption to the requirements of the FOIA that a public body must hold public meetings.

Appellant, in opposition to the motion for summary judgment, offered the affidavit of Mrs. Aileen Hutchinson, one of

the presenters of the petition, who stated therein that for nearly two hours the matters alleged in the petition were discussed with her by the Board and the Board's attorney. She asked and answered questions and at no time was the firing of the Superintendent discussed in her presence. We cannot see where this raises any genuine issue of fact upon which reasonable minds might differ. On the contrary, it adds support to the Board's position that the meeting was properly closed because the matters discussed were those alleged in the petition calling for the Superintendent's dismissal. Moreover, when the Board determined that the nature of the matters discussed during the closed session would not in any manner violate the Superintendent's right to privacy, the Board fully disclosed to the public the topics discussed. We hold that the Trial Judge properly granted the motion for summary judgment.

Appellant next contends that the Trial Judge erred in finding that the presence in the closed meeting of the two individuals who presented the petitions concerning the Superintendent did not violate the FOIA. Appellant cites no authority to support this position and we have found none in this jurisdiction. The statute allowing a public body to conduct a closed meeting in certain instances does not define a closed meeting. The Trial Judge found that "the information-gathering function of the executive session could not take place without the receipt by the public body, in closed session, of complaints, reports of investigation, interviews with applicants, and similar sources of information." We agree. Moreover, we believe that the legislature could hardly have intended to limit a public body's discussions solely to its members' counseling among themselves whilst in vacuous isolation.

For the foregoing reasons the order of the Trial Judge is affirmed.

GARDNER and GOOLSBY, JJ., concur.