17977

Chesley S. GRICE, Appellant, v. DICKERSON, INC., and U. S. Casualty Company, Respondents

(127 S. E. (2d) 722)

226

*Messrs, Gasque, Seals & Gasque,* of Latta, *for Appellant,*

*Messrs. Sinkler, Gibbs & Simons,* of Charleston, *for Respondents,*

October 23, 1962.

LEWIS, Justice.

This is a Workmen's Compensation case and involves an appeal by the claimant from an order of the lower court reversing an award of the Industrial Commission in his favor.

The claimant suffered an injury by accident on January 26, 1960, which arose out of and in the course of his employment, resulting in a right inguinal hernia which was repaired by surgery on March 16, 1960. Temporary total disability payments were paid to the claimant by the employer from the date of the injury to May 2, 1960, when the payments were stopped on advice of the surgeon that sufficient time had elapsed since the operation for recovery of the claimant therefrom.

The claimant was unable to continue his work after the operation and the record sustains the conclusion that the claimant is now totally disabled from rheumatoid arthritis. The claimant filed a claim for futher benefits under the Workmen's Compensation Act for his present disability, but the employer denied liability on the ground that there was no causal connection between his present disability and the injury sustained on January 26, 1960. The Commission held that such causal connection did exist and awarded compensation for total disability. The Circuit Court reversed the award, holding that the question as to the causal connection between claimant's present disability and his injury was solely a medical one, and that there was no medical testimony to support the findings of the Commission.

It is the contention of the claimant that the record sustains the conclusion that there was a casual connection between his present disability from rheumatoid arthritis and his injury and subsequent operation for repair of the hernia. Whether or not the record contains any competent evidence reasonably tending to sustain such conclusion is the sole question for determination in this appeal.

The claimant, twenty-five years of age at the time of his accident, was employed by Dickerson, Inc., in the operation of a drag line. On January 26, 1960 he slipped and fell six or eight feet from the top to the metal base of the drag line, striking his right side. He reported to a doctor on the same day and attempted unsuccessfully for several days to continue his work, but was finally hospitalized and underwent surgery on March 16, 1960 for the repair of an inguinal hernia caused by his fall. The claimant recovered from the hernia operation and returned to work on May 2, 1960 upon the advice of the surgeon who performed the operation. He worked that day and part of the next, but was unable to continue, returning to the surgeon on May 5th with complaints of weakness along with pain and discomfort. After continued visits to the surgeon with persistent complaints of weakness and pain, claimant was referred to a specialist in internal medicine for examination. This specialist found that the claimant had "rheumatoid arthritis of an acute and subacute state" and also a diseased maxillary sinus.

The specialist who made the foregoing diagnosis testified that the cause of rheumatoid arthritis is not known, but that there are numerous situations and circumstances which are not infrequently observed to be related to the occurrence of the disease. These situations and circumstances, the Doctor testified, among others, "extend from infection, dental infection, sinus infection, to emotional shocks and stresses, stress of a surgical operation, and injuries". He further testified that two of the medically accepted precipitating causes of rheumatoid arthritis are "stress of a surgical operation" and "traumatic injury" and that the possibilities of a causal connection between a surgical operation and arthritis are strengthened by an early onset of arthritis thereafter.

The doctors who testified in this case agreed that medical science had not discovered the cause of rheumatoid arthritis. They agreed that the foregoing were some of the medically accepted precipitating causes of the disease. None would

give a probable cause of claimant's condition, but dealt in terms of possibilities. It is clear from this record that the failure of the medical testimony to ascribe a definite cause for claimant's rheumatoid arthritis was due solely to the lack of knowledge on the part of medical science as to the cause of the disease and not to the absence of connecting circumstances with his injury and subsequent operation.

We have held that circumstantial evidence may be sufficient to support a finding of fact or an award in Workmen's Compensation cases. Such evidence, to support a finding of fact, need not reach such a degree of certainty as to exclude every reasonable or possible conclusion other than that reached by the Commission. It is sufficient if the facts and circumstances proved give rise to a reasonable inference that there was a causal connection between claimant's present disability and his prior injury and surgical operation. *Buff v. Columbia Baking Co.*, 215 S. C. 41, 53 S. E. (2d) 879.

The claimant sustained an injury on January 26, 1960. He was subsequently hospitalized and underwent surgery on March 16, 1960. He testified that, within "a week or so" after his operation, he began to get weaker and to have pains over his body, particularly in his wrist and knee where swelling developed, and that he could not work because of such weakness and pain. He lost approximately twenty-five pounds in weight. With the exception of intervals he has been unable to work since his operation because of his general weakness and pain from the rheumatoid arthritis.

Prior to the injury and operation claimant testified that he was able to work and experienced no difficulty from weakness and pain such as he is now suffering.

We, therefore, have a situation where an employee, apparently in normal health, sustains an injury while at work, is subsequently hospitalized and undergoes surgery and within a week or so thereafter he begins to get weaker, loses weight and to suffer pain over his body, resulting in his total

disability from such weakness and pain, which was later diagnosed as rheumatoid arthritis.

It is true that there is no medical testimony that the arthritis was most probably caused by the claimant's injury and subsequent operation, but the medical testimony definitely recognized the possibility of a causal connection between them in the light of the foregoing facts. Under such circumstances it became the duty of the Commission to weigh the foregoing facts in the light of medical possibilities. The Commission did not disregard the medical testimony, but rather in the light of the other facts and circumstances drew inferences consistent with the medical testimony in the record.

The rule has been established in this State that "when the testimony of medical experts is relied upon to establish causal connection between an accident and subsequent disability or death, in order to establish such, the opinion of the experts must be at least that the disability or death 'most probably' resulted from the accidental injury." *Cross v. Concrete Materials,* 236 S. C. 440, 114 S. E. (2d) 828.

Where, however, the testimony of medical experts is not solely relied upon to establish such causal connection, whether the presence or absence of such medical testimony is conclusive depends upon the particular facts and circumstances of the case. See: *Baker v. Graniteville Co.,* 197 S. C. 21, 14 S. E. (2d) 367; *Poston v. Southeastern Construction Co.,* 208 S. C. 35, 36 S. E. (2d) 858; *Ballenger v. Southern Worsted Corporation,* 209 S. C. 463, 40 S. E. (2d) 681; *Holly v. Spartan Grain & Mill Co.,* 210 S. C. 183, 42 S. E. (2d) 59; *Woodson v. Kendall Mills,* 213 S. C. 395, 49 S. E. (2d) 597; *Buff v. Columbia Baking Co., supra,* 215 S. C. 41, 53 S. E. (2d) 879; *Windham v. City of Florence,* 221 S. C. 350, 70 S. E. (2d) 553.

Here, reliance was not upon medical testimony alone to show causal connection between the injury and the subse-

quent disability of the claimant, but rather in addition upon the circumstances surrounding the injury and the events which followed. The medical testimony was not relied upon to show causal connection, but to show that, from the other facts and circumstances, a conclusion of causal connection did not involve entry into the field of conjecture, surmise and speculation. The Commission was faced with the duty to chose among two or more causative factors. The uncertainty of the medical testimony was sufficiently supplied by the sequence of events which followed the injury.

We have not attempted to detail all of the testimony in the record. We have reviewed it in the light most favorable to the claimant, as we are required to do. We recognize that the evidence in this case is undoubtedly scant and gives rise to other inferences inconsistent with the foregoing. It is not our duty, however, to weigh the testimony, but only to determine whether the record contains evidence reasonably tending to support the conclusions of the Industrial Commission. Under the particular facts of this case, we have concluded that it does.

The order of the lower Court is accordingly reversed and the award of the Industrial Commission reinstated.

TAYLOR, C. J., and Moss and BUSSEY, JJ., concur.

BRAILSFORD, J., disqualified.