## 20318

James WILLIAMS, Administrator, Estate of Robert Jackson, Appellant, v. CHESTERFIELD LUMBER COMPANY, Respondent.

(230 S. E. (2d) 447)

*Messrs. Jackson & Bell,* of Florence, *for Appellant,*

*Messrs. Paulling & James,* of Darlington, *for Respond-dent,*

December 2, 1976.

NESS, Justice:

This is a personal injury case. Appellant Jackson was attempting to repair a machine owned by the respondent lumber company. It was necessary for the appellant to work within the machine and while there, it unexpectedly became operational, injuring him and ultimately causing appellant's foot to be amputated. The trial court granted summary judgment for respondent. We hold this was error.

The depositions,[1] which are in the record, reveal that the appellant, due to his proximity at the time of the injury could not identify who started the machine. It was appellant's understanding that the respondent's foreman had the sole authority to operate the switch and the responsibility to see that no one started the machine except at appellant's request. In fact, the foreman had, on that day, engaged the equipment on several occasions at appellant's request. The foreman denied all of these allegations and stated that he was elsewhere in the mill at the time of the accident. Another deposition indicated that subsequent to the accident the switch was examined and was not defective.

It is apparent from the record that there is a factual dispute as to who had actual control and authority over the switch. The materiality of this factual issue is evinced by the complaint which alleges negligence of the respondent in turning on the switch or allowing it to be turned on. Determination of the factual issue of negligence and negligent supervision is imperative in order to clarify the application of the law.

---

[1] Appellant did not move for a continuance or serve any documents opposing the motion. Subsequent to the hearing appellant submitted two affidavits which the trial judge refused to consider pursuant to Circuit Court Rule 44(c). We do not reach the exceptions relating to this ruling as the depositions independently are sufficient for our determination.

610

Summary judgment can only be granted in those cases where plain, palpable and indisputable facts exist on which reasonable minds cannot differ. All ambiguities, conclusions and inferences arising in and from the evidence must be construed most strongly against the movant for summary judgment. *Title Insurance Company of Minnesota v. Christian,* S. C., 226 S. E. (2d) 240 (1976); *Eagle Construction Company, Inc. v. Richland Construction Company, Inc.,* 264 S. C. 71, 74, 212 S. E. (2d) 580 (1975). Here, there is an issue as to whether the respondent by and through its agents, servants or employees negligently supervised or operated the switch.

We hold under these circumstances, the trial court erred in granting summary judgment.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.