20846

Pershing MARCHANT, Appellant, v. LORAIN DIVISION OF KOEHRING, a Wisconsin Corporation, Respondent.

(251 S. E. (2d) 189)

*James E. Gonzales,* North Charleston, *for appellant.*

*William L. Pope* and *J. Christopher Henderson,* of *Robinson, McFadden, Moore & Pope,* Columbia, *for respondent.*

*A. Hoyt Rowell, III,* Charleston, *Chairman of S. C. Trial Lawyers Association, for amicus curiae.*

January 9, 1979.

NESS, JUSTICE:

This is a products liability case. Appellant Marchant brought suit against the crane manufacturer (Lorain) for injuries he received when a crane "double blocked," and the

bucket in which he was riding crashed to the ground. The trial court granted the manufacturer's motion for summary judgment as to all three theories of liability—negligence, strict tort and warranty. We reverse.

In granting Lorain's motion, the trial court relied on *Marchant v. Mitchell Distributing Co.,* 270 S. C. 29, 240 S. E. (2d) 511 (1977), a companion suit against the distributor of the crane. While we concluded the distributor was entitled to summary judgment on the facts presented there, that decision did not resolve the issues presented in this appeal. As we stated in *Mitchell:*

"Our opinion deals solely with the action against Mitchell. The claim against Lorain Division of KOEHRING is not here involved." 270 S. C. at 32, 240 S. E. (2d) at 511.

The awarding of summary judgment, thought justified in some instances, is a somewhat anticipatory method of resolving a lawsuit. Therefore, in reviewing a summary judgment, all the evidence and reasonable inferences to be drawn therefrom are construed in the light most favorable to the party opposing the motion. *Williams v. Chester Lumber Co.,* 267 S. C. 607, 230 S. E. (2d) 447 (1976). We conclude there was sufficient evidence to create a jury issue regarding the liability of the manufacturer to appellant Marchant.

All the evidence indicates the accident occurred because the crane "double blocked." "Double" or "two blocking" happens when the crane's boom is extended farther than the length of the cable, causing the cable to sever. Lorain was aware of the crane's tendency to double block as it manufactured and sold an optional stock limit switch, or anti-two blocking device.

There is ample authority for the proposition that a manufacturer's failure to install safety devices may result in liability. According to 72 C. J. S. Supp. Products Liability § 22, p. 33:

"A product without necessary safety devices may be found defective so as to impose liability on its manufacturer or supplier. Whether couched in terms of negligence or otherwise, a manufacturer has a duty to exercise legal care in safeguarding his products against reasonably foreseeable risks."

Similarly, it is stated in 63 Am. Jur. 2d, Products Liability § 68, p. 75:

"Negligence in design, giving rise to liability for product-caused harm, has been found to inhere in failure to install a guard, shield, or similar protective or safety device . . ."

Section 398 of the Restatement, 2d of Torts (1965) provides:

"A manufacturer of a chattel made under a plan or design which makes it dangerous for the uses for which it is manufactured is subject to liability to others whom he should expect to use the chattel or to be endangered by its probable use for physical harm caused by his failure to exercise reasonable care in the adoption of a safe plan or design."

See also *Pike v. Hough Co.*, 2 Cal. (3d) 465, 85 Cal. Reptr. 629, 467 P. (2d) 229 (1970); *Bexiga v. Havir Manufacturing Corp.*, 60 N. J. 402, 290 A. (2d) 281 (1972); *Coger v. Mackinaw Products Co.*, 48 Mich. App. 113, 210 N. W. (2d) 124, (1973); *Higgins v. Paul Hardeman, Inc.*, 457 S. W. (2d) 943 (Mo. App. 1970).

Critical to our decision in *Mitchell* was the fact that the distributor of the crane was not responsible for its design or assembly. Here, however, we are confronted with allegations of negligent design lodged against the manufacturer. In view of Lorain's awareness of the incidence of double blocking as evidenced by its manufacturer of a preventive device, a jury issue was raised as to whether Lorain's failure to incorporate the limit switch onto the crane rendered it liable for negligent design.

Regarding the strict liability cause of action, this Court ■ recognized in *Mitchell* that "a failure to incorporate into a product a safety feature or device may constitute a defective condition of the product." 270 S. C. at 36, 240 S. E. (2d) at 514. However, competent evidence must be adduced to establish that absent such a safety device, the product is unreasonably dangerous to the user. *Mitchell, supra.* The record in *Mitchell* was barren of any competent evidence that the crane was unreasonably dangerous absent incorporation of the safety feature.

The instant record, however, contains the detailed affidavit of John E. Sims, a design engineer. Sims averred the crane was designed in such a manner as to make predictable the two blocking syndrome. He stated that it was foreseeable in construction work that men would be aboard a bucket connected to the ·crane when the two blocking would occur. This additional evidence was sufficient to present a jury issue regarding whether the crane was unreasonably dangerous without the incorporation of a safety device. In *Bexiga v. Havir Manufacturing Corp., supra,* 290 A. (2d) at 285 the Supreme Court of New Jersey stated:

"We hold that where there is an unreasonable risk of harm to the user of a machine which has no protective safety device, as here, the jury may infer that the machine was defective in design unless it finds that the incorporation by the manufacturer of a safety device would render the machine unusable for its intended purposes."

The trial court also erred in concluding as a matter ■■ of law that Lorain was not liable to Marchant for its failure to warn of the danger of two blocking. According to the Supreme Court of California:

" '[A] product, although faultlessly made, may nevertheless be deemed "defective" under the rule [in Restatement Second of Torts, section 402A] and subject the supplier thereof to strict liability if it is unreasonably dangerous to place the product in the hands of a user without a suitable warning and the product is supplied and no warning given.' "

*Pike v. Hough, supra,* 85 Cal. Rptr. at 637, 467 P. (2d) at 237.

The Texas Court of Appeals quoted the following pertinent language from an article by Dean W. Page Keeton:

"[A] product is unreasonably dangerous at the time of sale if the ordinary man, knowing the risk and dangers actually involved in its use, would not have marketed the product without supplying more information about the risks and dangers involved in its use and ways to avoid harm therefrom." *Garcia v. Sky Climber, Inc.,* 470 S. W. (2d) 261, 268 (Tex. Civ. App. 1971).

While the crane operator, Murphy, stated that he was aware of the possibility of double blocking, this general knowledge was gained through experience rather than the manufacturer's warning. We believe the jury was entitled to determine whether this on the job training was sufficient to enable Murphy to make an informed choice regarding operation of the crane, particularly where, according to the Sims' affidavit, the two blocking syndrome was so predictable.

Moreover, there was no showing that the appellant, Marchant, was cognizant of the crane's tendency to two block when he boarded the bucket. Therefore, a jury issue was created as to whether Lorain was liable in strict tort for its failure to warn a user such as Marchant of this possible hazard.

We conclude the trial court erred in according such sweeping meaning to our decision in *Mitchell.* The additional evidence presented here and the fact that this litigation involves the crane manufacturer rather than the distributor, distinguish this case from *Mitchell.* The issues presented were matters for the jury to determine.

Reversed.

LEWIS, C. J., and RHODES and GREGORY, JJ., concur.

LITTLEJOHN, J., dissents.

LITTLEJOHN, Justice (dissenting):

I respectfully dissent and would affirm the order of the lower court, which relied upon our ruling in *Marchant v. Mitchell Distributing Co.,* 270 S. C. 29, 240 S. E. (2d) 511 (1977). The crane here involved is the same crane which we held to be "not defective." Our opinion involved an action against the local distributor; here we have the same claim against the manufacturer.

In our former opinion we unanimously said:

"We have held that the judge properly ruled that the crane was not in a defective condition unreasonably dangerous. We also hold that there is no evidence of breach of warranty. The crane did not fail or malfunction. *It was merchantable and fit for the purpose for which it was sold."* (Emphasis added.)

The showing before the court does not warrant a different ruling as relates to the manufacturer. Since we held that the crane was not defective, it follows that there can be no negligent design.

I would affirm.