## 1174

Caroline A. HAMILTON and George C. Hamilton, Appellants v. Tiffany Layne MILLER, Mary Ann Smith and Nationwide Insurance Company, a corporation, Respondents.

(371 S. E. (2d) 1)

Court of Appeals

*Judson F. Ayers,* Greenwood, *for appellants.*

*Stephen D. Baggett,* of *Burns, McDonald, Bradford, Patrick & Dean,* Greenwood, *for respondents.*

Heard April 20, 1988.

Decided June 6, 1988.

GARDNER, Judge:

The Hamiltons brought this action against Nationwide Insurance Company (Nationwide), Tiffany Layne Miller (Miller) and Mary Ann Smith (Smith) for personal injuries and loss of consortium resulting from injuries arising from an accident involving a car driven by Miller and owned by Smith. Jim Wills was the owner of an insurance agency of Nationwide. Smith was the office manager and associate agent; Miller was the receptionist and typist in the three-person office and occasionally ran errands for Smith with Wills' permission. At about 5 p.m. on the day of the accident, Smith asked Miller to take her automobile and pick up Smith's son at the dentist's office. While Miller was on the way to the dentist's office, the accident occurred. The Hamiltons alleged, *inter alia,* that Miller was an agent or employee of Nationwide and at the time of the accident was acting within the scope of her employment. Nationwide's motion for summary judgment as to it was granted by the appealed order. We affirm.

The one issue of merit to this appeal is whether there is any probative evidence of record to support the Hamilton's theory that Miller was at the time of the accident acting within the scope of her employment with Nationwide.

No authority is needed for the proposition that summary judgment is appropriate where there are no genuine issues of fact to be tried.

The doctrine of *respondeat superior* as applied in this state has been summarized as follows:

Under fundamental principles of South Carolina law, a master is liable for and is charged with knowledge of the acts and conducts of his servants operating within the scope of their employment. An act is within the scope of a servant's employment where reasonably necessary to accomplish the purpose of his employment and is in furtherance of the master's business. A master or employer will not be responsible for the acts of its employees where the employee is not in the execution of the employer's business, but rather is engaged in the servant's own private business. [Citations omitted.]

*Gathers v. Harris Teeter Supermarkets*, 282 S. C. 220, 227, 317 S. E. (2d) 748, 753 (Ct. App. 1984).

Applying the above principles of law to the case before us, it is clear that if Smith herself had gone to pick up her son from the dentist office, she would have been attending to a personal matter, and under these circumstances, her employer would not have been liable. And we so hold. *Lane v. Modern Music, Inc.*, 244 S. C. 299, 136 S. E. (2d) 713 (1964).

The question, then, is whether, by sending Miller, the act of picking up Smith's son became an act in furtherance of Nationwide's business. The Hamiltons argue that by sending Miller for her son Smith was able to remain at the office attending to Nationwide's business. Smith's deposition refutes this argument; she testified that had she not sent Miller for her son, he simply would have had to wait until she could leave the office; Smith went on to testify that Nationwide's business was not furthered by Miller's going to get the child from the dentist office. Smith's testimony negates the Hamiltons' argument and we so hold. This holding is consonant with the established rule that where an employee's use of a vehicle to assist a fellow employee does not further the employer's business, the driver is not acting within the scope of his employment even though the employee served was authorized to direct the driver's work. 7A Am. Jur. (2d) *Automobiles and Highway Traffic* Section 690 (1980); Annot., 51 A. L. R. (2d) 46 (1957).

We also reject the Hamilton's argument that the action occurred during Miller's office hours for which she was paid. This argument relates to the issue of whether the action occurred during "the course" of Miller's employment and is

not, standing alone, relevant to the narrower issue of *scope* of employment. And we so hold. *See Church v. Arko*, 75 Cal. App. (3d) 291, 142 Cal. Rptr. 92 (1977) (distinguishing "scope of employment" as related to vicarious liability from "course of employment" as applied to workers' compensation law).

A careful study of the record reflects no evidence creating a genuine issue of fact. And we so hold.

For the reasons stated, the appealed order is affirmed.

Affirmed.

CURETON and GOOLSBY, JJ., concur.