23146

Caroline A. HAMILTON and George C. Hamilton, Petitioners v. Tiffany Layne MILLER, Mary Ann Smith and Nationwide Insurance Company, a corporation, Respondents.

(389 S. E. (2d) 652)

Supreme Court

*Judson F. Ayers,* of *Ayers & Anderson,* Greenwood, *for petitioners.*

*Stephen D. Baggett,* of *Burns, McDonald, Bradford, Patrick & Dean,* Greenwood, *for respondents.*

Writ issued March 6, 1989.

Heard Oct. 30, 1989; Decided Feb. 5, 1990.

HARWELL, Justice:

This case is before the Court on Writ of Certiorari to the Court of Appeals.[1] The issue is whether the circuit court properly found as a matter of law that respondent Tiffany Layne Miller was not acting within the scope of her employment at the time she was involved in an automobile accident.

## I. FACTS

Petitioners in this case, Caroline A. and George C. Hamilton (Hamiltons), brought this action against Tiffany Layne Miller (Miller), Mary Ann Smith (Smith), and Nationwide Insurance Company (Nationwide) for personal injuries and loss of consortium resulting from an accident involving a car driven by Miller and owned by Smith. Jim Wills was the owner of a Nationwide insurance agency. Smith was the

---

[1] The Court of Appeals' opinion can be found in *Hamilton v. Miller,* 296 S. C. 172, 371 S. E. (2d) 1 (Ct. App. 1988).

office manager, an associate agent, and Miller's immediate supervisor. Miller was the receptionist and typist in the three person office and occasionally ran errands for Smith with Wills' permission. On the date of the accident at about 5:00 p.m., Smith asked Miller to take her automobile and pick up Smith's son at the dentist's office. While Miller was on the way to the dentist's office, the accident occurred.

The Hamiltons alleged that Miller was an agent or employee of Nationwide who was acting within the scope of her employment at the time of the accident. The trial court granted Nationwide's motion for summary judgment on the grounds that Miller was engaged in a personal errand for Smith, not acting within the scope of her employment at the time of the accident, and that Nationwide's business was neither furthered nor facilitated by Miller's trip. The Court of Appeals affirmed the lower court's decision holding that under the facts of this case, the employer is not liable for the acts of the employee when the employee is attending to a personal matter. The Court of Appeals further held that Nationwide's business was not furthered by Miller's personal errand for Smith and that there was no evidence creating a genuine issue of fact. We granted a writ of certiorari to address whether a genuine issue of fact exists as to whether Miller was acting within the scope of her employment and in furtherance of her employer's business when the accident occurred.

## II. DISCUSSION

To obtain summary judgment, the moving party must show that no genuine issue exists as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Rule 56(c), SCRCP. In determining whether any triable issues of fact exist, all inferences from the facts in the record must be viewed in the light most favorable to the party opposing the summary judgment motion. *Manning, et al. v. Quinn*, 294 S. C. 383, 365 S. E. (2d) 24 (1988). Even where there is no dispute as to the evidentiary facts, but only as to the conclusions or inferences to be drawn from them, summary judgment should not be granted. *Jamison v. Howard*, 271 S. C. 385, 247 S. E. (2d) 450 (1978).

What is within the scope of employment may be determined by implication from the circumstances of the case. *Hancock v. Aiken Mills*, 180 S. C. 93, 185 S. E. 188 (1936). A relevant factor in determining whether Miller acted within the scope of her employment is whether she acted in furtherance of Nationwide's business at the time of the accident. In concluding summary judgment was appropriate, both the circuit court and the Court of Appeals relied on Smith's testimony that Nationwide's business was not furthered by Miller's going to pick up Smith's child. The Court of Appeals stated that Smith's testimony "negated" the Hamilton's contention that by sending Miller to pick up her son, Smith was able to remain at the office attending to Nationwide's business. The Court of Appeals erred in relying on Smith's conclusory testimony in granting Nationwide's motion for summary judgment, *See Adams v. South Carolina Power Co.*, 200 S. C. 438, 21 S. E. (2d) 17 (1942) (if there is doubt as to whether the servant was acting within the scope of his authority, doubt will be resolved against the master at least to the extent of requiring the question to be submitted to the jury). The Court of Appeals further erred in failing to consider other evidence contained in the record. There was deposition testimony that in addition to making a trip directed and authorized by her supervisor, Miller was driving the supervisor's automobile and making the trip during regular office hours while being paid her regular hourly wage. There was evidence from which it could be concluded that the trip was neither personal nor beneficial to Miller in any way.

Additionally, both courts relied on 7A Am. Jur. (2d) *Automobiles and Highway Traffic* § 692 (1980) for the general proposition that where an employee's use of a vehicle to assist a fellow employee does not further the employer's business, the driver is not acting within the scope of his employment even though the employee assisted was authorized to direct the driver's work. Although we agree with this statement of the rule, it does not support the court's granting of Nationwide's motion for summary judgment because it does not answer the question as to whether Miller's trip to pick up Smith's son furthered Nationwide's business. Because a genuine issue of fact exists as to this

question, the Court of Appeals erred in affirming the circuit court's ruling. Accordingly, we reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

CHANDLER, FINNEY and TOAL, JJ., concur.

GREGORY, Chief Justice, dissenting:

I respectfully dissent. Because I agree with the Court of Appeals' decision, I would dismiss the writ as improvidently granted.