1574

STOVALL BUILDING SUPPLIES, INC., Respondent v. Raymond F. MOTTET, Mildred L. Mottet, Oconee Savings and Loan Association, "Ole" Norm's, Inc., of which Raymond F. Mottet and Mildred L. Mottet, Appellants. And STOVALL BUILDING SUPPLIES, INC., Respondent v. Arthur MAGUIRE, Muriel A. Maguire, "Ole" Norm's, Inc., and Oconee Savings and Loan Association, of which Arthur Maguire and Muriel A. Maguire, Appellants. And STOVALL BUILDING SUPPLIES, INC., Respondent v. Frank C. KENYON, Madeline M. Kenyon, George E. Spears, Virginia C. Spears, Oconee Savings and Loan Association, of which Frank C. Kenyon and Madeline M. Kenyon, Appellants, and STOVALL BUILDING SUPPLIES, INC., Respondent v. FORDCO, INC., Appellant.

(406 S.E. (2d) 176)

Court of Appeals

30

*Lowell W. Ross,* of *Ross, Stoudemire & Awde,* Seneca, *for appellants.*

*Steven C. Kirven,* of *Watkins, Vandiver, Kirven, Gable & Gray,* Anderson, *for respondent.*

Heard Sept. 10, 1990; Decided Nov. 26, 1990.

Cert. Denied Aug. 6, 1991.

GARDNER, Judge:

Here we have consolidated appeals from orders in four cases. We shall address the cases respectively as (1) the Mot-

tets' case, (2) the Maguires' case, (3) the Kenyons' case and (4) the Fordco case. The appealed order in the first three cases granted summary judgment foreclosing alleged mechanic's liens. The appealed order in the Fordco case granted summary judgment foreclosing a statutory lien on funds in the hands of Fordco, a contractor. We affirm in part, reverse in part and remand for trial.

Certain facts apply to all four cases. The actions arose out of the construction of eight houses in the Keowee Key subdivision of Oconee County. In each case, the construction contract was between the owner and Fordco, Inc. Fordco subcontracted major portions of each home to Randy Talley d/b/a Edifice Builders (Talley). Talley purchased materials and services from Stovall Building Supplies, Inc. (Stovall) and a number of other suppliers.

Talley abandoned the jobs in January 1988; leaving owing to various suppliers, including Stovall, approximately $144,731.70. Of that amount Stovall claimed $79,390.11 including (1) $26,197.82 on a house constructed for Raymond F. Mottet and Mildred L. Mottet (the Mottets), (2) $22,257.51 on a house constructed for Arthur Maguire and Murial A. Maguire (the Maguires) and (3) $12,627.84 on a house constructed for Frank C. Kenyon and Madeline M. Kenyon (the Kenyons).

Stovall brought separate actions against the owners to foreclose mechanic's liens pursuant to S.C. Code Ann. § 29-5-10 *et seq.* (1976). Fordco later posted letters of credit in an amount equal to one and one-third times the amounts claimed by Stovall. This was done to release the owner's property under the mechanic's lien statute's "bonding off" provisions. As noted summary judgment was granted in each of the three cases.

Stovall's suit against Fordco alleges a statutory lien on the funds paid Fordco by the Mottets, the Maguires, the Kenyons and five other owners for whom Fordco had built houses in the Keowee Key subdivision. The complaint alleges the separate accounts and the amounts, but does not allege a separate lien for each account. The trial judge, by the appealed order, did not award judgment against Fordco respecting each contract, but lumped them all together in awarding judgment in the amount of $79,390.11. The appealed order contains no discussion as to the proportion that Fordco's indebtedness to

Stovall bears to the indebtedness owed other materialmen, mechanics, subcontractors, etc.

Each of the appealed orders granted judgment in favor of Stovall. We address each case separately.

## I.

The trial judge by the appealed order foreclosed an alleged mechanic's lien on the Mottets' home. We reverse because Stovall did not notify the Mottets of its mechanic's lien claim before they paid Fordco in full. S.C. Code Ann. § 29-5-40 (1976) provides, in pertinent part, that a mechanic's lien will not attach to the owner's property unless the owner is given notice of the claim of a materialman who contracted with a person other than the owner[1] prior to the payment in full of the amount owed the contractor. In addition, the materialman's lien is limited to the amount the owner owes the contractor at the time the materialman gives notice. *See Wood v. Hardy*, 235 S.C. 131, 110 S.E. (2d) 157 (1959); *Lowndes Hill Realty Co. v. Greenville Concrete Co.*, 229 S.C. 619, 93 S.E. (2d) 855 (1956).

Stovall last supplied materials on the Mottets job on December 4, 1987. The Mottets paid Fordco in full on December 31, 1987. Stovall did not notify the Mottets of its mechanic's lien claim until early in 1988; § 29-5-40, therefore, negates Stovall's claim of a mechanic's lien against the Mottets. For this reason, we reverse the appealed order in the Mottets' case.

## II.

We also reverse the order granting summary judgment in the Maguires' case. The facts, however, in the Maguires' case are in dispute.

The awarding of summary judgment, although justified in some instances, is a somewhat anticipatory method of resolving a lawsuit, and thus, in reviewing a summary judgment, all evidence and reasonable inferences are construed in a light most favorable to the party opposing the motion. *Marchant v. Lorain Div. of Koehring*, 272 S.C. 243,

---

[1] Stovall contracted with Talley and not with the owners, the Mottets.

251 S.E. (2d) 189 (1979). When there is a dispute as to the conclusions or inferences to be drawn from evidentiary facts, summary judgment should not be granted, even though there is no dispute as to evidentiary facts themselves. *Hamilton v. Miller,* 301 S.C. 45, 389 S.E. (2d) 652 (1990). Summary judgment is only appropriate when no genuine issue of material fact is involved and inquiry into facts is not desirable to clarify application of the law. *Lattie v. SHS Enterprises, Inc.,* 300 S.C. 417, 389 S.E. (2d) 300 (Ct. App. 1990).

The Maguires lived with Mrs. Maguire's sister in another house in the Keowee Key subdivision until they moved into their own home on February 26, 1988. On February 12, 1988, Stovall had attempted to serve the Maguires by serving a copy of the "Notice and Certificate of Mechanic's Lien" on a Sentry security guard at the entrance of Keowee Key subdivision. We reject Stovall's contention that this constituted service on the Maguires. The security guard was not a responsible person living in the Maguires' home.

Stovall also attempted to serve the Maguires on February 24, 1988, by mail addressed to their home in the Keowee Key subdivision. Mrs. Maguire testified that neither she nor her husband received any notice from Stovall prior to February 27, 1988, the day after they moved into their own home in the Keowee Key subdivision. Fordco was paid in full on February 24, 1988. There is, therefore, an issue of fact as to whether Stovall notified the Maguires of its mechanic's liens claim prior to the time the Maguires paid Fordco in full. Because there is a dispute as to this fact, § 29-5-40 might be applicable to the Maguires' case. Accordingly, we hold that the trial judge erred in granting summary judgment in the Maguires' case; the appealed order is reversed and remanded for further proceedings.

### III.

The trial judge also erred in granting summary judgment in the Kenyons' case insofar as the judgment awarded attorney fees. Liability in the Kenyons' case is admitted except as to the attorney fees. The record contains no testimony concerning the attorney fees other than an affi-

davit furnished by Stovall's attorney, and there is a material issue of fact as to whether the affidavit was served on the Kenyons prior to the hearing and the issuance of the order.[2] Accordingly, the Kenyons' order is reversed insofar as it awards attorney fees and remanded for further proceedings.

## IV.

The order granting summary judgment against Fordco is based upon S.C. Code Ann. § 29-7-10 (Supp. 1989) as amended which provides in pertinent part:

> Any contractor in the erection, alteration or reparing of buildings in this State shall pay all laborers, subcontractors and materialmen for their lawful services and material furnished out of the money received for the erection, alteration or repairs of buildings upon which such laborers, subcontractors and materialmen are *employed* or *interested* and such laborers, as well as all subcontractors and persons who shall furnish material for any such building, shall have a first lien on the money received by such contractor for the erection, alteration or repair of such building *in proportion to the amount of their respective claims.* . . . (Emphasis ours.)

The appealed order makes no finding of Stovall's proportionate share of the funds held by Fordco in each of the various accounts. A casual review of computer printouts of record reflects that the judgment entered in Stovall's favor against Fordco exceeds the total of the proportionate amounts owed Stovall in the various accounts. For this reason, the order granting summary judgment against Fordco in favor of Stovall is reversed and the case is remanded for further proceedings.

There is another reason, compelling we believe, which requires further development of the facts in this case. Fordco argues that Stovall contracted with Talley,

---

[2] The Kenyons allege that the attorney fees were the result of affidavits Stovall submitted to the court that the Kenyons never saw. If true, this is *ex parte* communication between a lawyer and a judge and is forbidden by Rule 3.5 of the S.C. Rules of Professional Conduct and SC Code of Judicial Conduct, Canon 3 A(4).

looked to Talley for payment and made no claim against Fordco until Talley abandoned the job. Fordco argues that Stovall thereby waived its claim against Fordco. This being true, argues Fordco, Stovall has no claim on the funds paid Fordco before Stovall gave notice that it was looking to Fordco for payment. The question of waiver[3] is a matter for the jury or fact finder. For this additional reason, we reverse the order granting summary judgment and remand for trial.

## CONCLUSION

For the reasons stated, we affirm that part of the Kenyons' case not pertaining to attorney fees; we reverse that part of the Kenyons' case pertaining to attorney fees and remand for trial. As to the three remaining appealed orders, we reverse and remand for further proceedings in accordance with this decision.

Affirmed in part, reversed in part and remanded.

GOOLSBY, J., and LITTLEJOHN, Acting Judge, concur.

---

[3] A waiver is an intentional relinquishment of a known right. It may be either express or implied. An implied waiver results from acts and conduct of the party against whom the doctrine is invoked from which an intentional relinquishment of a right is reasonably inferable. Summary judgment should be denied where the facts, although not in dispute, are nonetheless subject to conflicting inferences. *Lyles v. BMI, Inc.*, 292 S.C. 153, 158-159, 355 S.E. (2d) 282, 285 (Ct. App. 1987).