570 S.E.2d 542

**SOUTH CAROLINA ELECTRIC & GAS COMPANY and SCANA Corporation, Appellants,**

v.

**TOWN OF AWENDAW and Berkeley Electric Cooperative, Inc., Respondents.**

No. 3543.

Court of Appeals of South Carolina.

Heard June 4, 2002.

Decided Aug. 9, 2002.

Rehearing Denied Oct. 22, 2002.

James B. Richardson, Jr., Patricia Smith; and Catherine D. Taylor, all of Columbia, for appellants.

C. Mac Gibson, Jr., of Mt. Pleasant; Michael A. Molony and Lea B. Kerrison, both of Charleston, for respondents.

STILWELL, J.

South Carolina Electric and Gas Company (SCE & G) brought this action against the Town of Awendaw (Awendaw) seeking a refund of fees it paid Awendaw under protest. The master in equity granted Awendaw's motion for summary judgment. SCE & G appeals. We reverse.

## FACTS

When the Town of Awendaw was incorporated in 1992, all of its inhabitants received their electric service from Berkeley Electric Cooperative. Awendaw adopted an ordinance and executed a franchise agreement designating Berkeley as the primary supplier of electrical energy to the town. In exchange, Berkeley agreed to pay an annual franchise fee of 3% of its gross income derived from sales of electricity in the town.

SCE & G had no customers within Awendaw at the time of incorporation, but did service customers outside the town in areas assigned to it by the Public Service Commission. As a result of the annexation of some of these areas, approximately twenty-six SCE & G customers and four SCE & G poles are now inside Awendaw's town limits. SCE & G has 770 feet of electric lines suspended above the town's public roads. SCE & G has never entered into a franchise agreement with Awendaw as the parties were unable to agree on terms.

Awendaw adopted a business license ordinance and notified SCE & G that the ordinance required all businesses to obtain a business license. SCE & G was required to pay a business license tax, which it did under protest. After unsuccessful appeals to the Charleston County Business License/Users Fee Appeals Board and the Awendaw Town Council, SCE & G

filed this action in circuit court, seeking a refund of the license tax it paid under protest. In its answer, Awendaw characterized the sum SCE & G paid as a franchise fee. Both parties moved for summary judgment. The master held SCE & G's complaint was without merit and granted Awendaw's motion for summary judgment. SCE & G appeals.

## STANDARD OF REVIEW

"In reviewing the grant of a summary judgment motion, this Court applies the same standard which governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Osborne v. Adams,* 346 S.C. 4, 7, 550 S.E.2d 319, 321 (2001) (citing *Baughman v. Am. Tel. & Tel. Co.,* 306 S.C. 101, 410 S.E.2d 537 (1991)). "In determining whether any triable issues of fact exist, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party." *Id.* (citing *Summer v. Carpenter,* 328 S.C. 36, 492 S.E.2d 55 (1997)). "On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party below." *Id.* (citing *Williams v. Chesterfield Lumber Co.,* 267 S.C. 607, 230 S.E.2d 447 (1976)).

## LAW/ANALYSIS

SCE & G argues the master (court) erred in granting Awendaw's summary judgment motion. It contends Awendaw does not have authority to charge SCE & G a franchise fee for the right to keeps its poles and lines on Doar Road and Bulls Island Road. We agree.

In its answer to the amended complaint, Awendaw stated "that Plaintiffs are charged a franchise fee under the Defendant's business license ordinance." Further, the master held, "[t]he amounts paid under protest by SCE & G are franchise fees versus taxes." Because this issue has not been appealed, the law of the case is that the charge is a franchise fee. *See ML–Lee Acquisition Fund, L.P. v. Deloitte & Touche,* 327 S.C. 238, 241, 489 S.E.2d 470, 472 (1997) (unappealed ruling is

law of case and should not be reconsidered by appellate court); *Buckner v. Preferred Mut. Ins. Co.*, 255 S.C. 159, 160–61, 177 S.E.2d 544, 544 (1970) (an unchallenged ruling, right or wrong, is the law of the case). Further, Awendaw's counsel conceded at oral arguments that the sum should be considered a non-consensually imposed franchise fee.

"A franchise has been defined as a special privilege granted by the government to particular individuals or companies to be exploited for private profits." *Quality Towing, Inc. v. City of Myrtle Beach*, 345 S.C. 156, 165, 547 S.E.2d 862, 867 (2001) (citing *City of Cayce v. AT & T Communs.*, 326 S.C. 237, 486 S.E.2d 92 (1997)). "Government franchisees are traditionally service-type businesses that are willing to pay the municipality for the privilege of doing business with its citizens." *Quality Towing*, 345 S.C. at 166, 547 S.E.2d at 867. "A 'franchise' is a privilege of doing that which does not belong to citizens generally by common right." *Id.*

In *City of Abbeville v. Aiken Elec. Co-op., Inc.*, 287 S.C. 361, 338 S.E.2d 831 (1985), our supreme court balanced the rights of a previously assigned electrical supplier and the annexing municipality. The court held:

A franchisee possessing a valid PSC territorial assignment to serve an area subsequently annexed or newly incorporated:

(1) Is permitted to continue service in that area to those premises being served as of the date of annexation or incorporation;

(2) Is prohibited, without prior consent of the municipality, from extending or expanding service in that area by the use of streets, alleys, public property or public ways after the date of annexation or incorporation.

*Id.* at 370–71, 338 S.E.2d at 836.

Pursuant to the *City of Abbeville* case, SCE & G is permitted to continue serving the twenty-six customers it serviced on the date of annexation but is prohibited from extending or expanding its service after that date without Awendaw's prior approval.

Section 5–7–30 states, "[e]ach municipality of the State [has the authority to] grant franchises for the use of public

streets and make charges for them." S.C.Code Ann. § 5–7–30 (Supp.2001). Awendaw relies on *BellSouth v. City of Orangeburg*, 337 S.C. 35, 522 S.E.2d 804 (1999), for the proposition that section 5–7–30 permits it to impose a non-consensual franchise fee on SCE & G. The facts of *BellSouth* are distinguishable. In *BellSouth*, the municipality granted the telephone utility a franchise by ordinance in 1894, but did not begin charging a fee for the franchise until 1993. *BellSouth*, 337 S.C. at 38–39, 522 S.E.2d at 805–06. Our supreme court held the city had the power to impose this fee even though the franchise had formerly been gratuitous. *Id.* at 44–45, 522 S.E.2d at 808–09. In the present case, however, Awendaw has never granted SCE & G a franchise. SCE & G services customers in Awendaw pursuant to the operation of the *City of Abbeville* decision, rather than a franchise granted to it by Awendaw. As such, absent a franchise agreement, Awendaw cannot impose a franchise fee on SCE & G. Accordingly, the decision of the master is

**REVERSED.**

SHULER, J., concurs.

CURETON, J., dissents in a separate opinion.

CURETON, J., Dissenting:

Unlike the majority, I would find *BellSouth Telecomms., Inc. v. City of Orangeburg*, 337 S.C. 35, 522 S.E.2d 804 (1999), applies to this action. I therefore respectfully dissent.

In *BellSouth*, the telephone company brought a declaratory judgment action seeking to invalidate the City's 1993 franchise ordinance, which imposed a franchise fee on BellSouth's use of the City's public streets. *Id.* at 38, 522 S.E.2d at 805. Prior to the enactment of the 1993 ordinance, the parties operated under an 1894 franchise ordinance which permitted BellSouth to use the streets exempt from taxes or fees for a period of five years. *Id.* at 39, 522 S.E.2d at 806.[1] BellSouth contended the 1993 ordinance violated a statute authorizing public utilities to maintain and operate their lines over public roads. *Id.* at 43, 522 S.E.2d at 808. Our supreme court determined the

---

1. In 1914, the original franchise ordinance was expanded to include underground use of the public streets. *Id.*

statutory authorization must be read in light of article VIII, § 15, of the state constitution, which provides: "No law shall be passed by the General Assembly granting the right to construct and operate in a public street ... without first obtaining the consent of the governing body of the municipality...." *Id.* at 43–44, 522 S.E.2d at 808. The court also discussed S.C.Code Ann. § 5–7–30 (Supp.1998), which specifically delegates to municipalities the power to grant franchises for the use of public roads and charge fees for the franchises. *BellSouth,* 337 S.C. at 44, 522 S.E.2d at 808–09.

The court recognized, however, that the constitutional provision did not permit municipalities to oust a utility by imposing fees for the continuation of a franchise. *Id.* at 44, 522 S.E.2d at 808. The court concluded, however, that the imposition of the fee, 5% of BellSouth's gross revenue earned within the City and a one-time administrative fee, did not constitute an ouster. *Id.*

In this case, as a result of annexation, SCE & G is using the Town of Awendaw's roads to service its lines. Unlike in *BellSouth,* the parties were not already operating under a franchise ordinance. I would find, however, that the critical inquiry in this case is not whether a franchise ordinance existed prior to the imposition of the franchise fee. *See Athens–Clarke County v. Walton Elec. Membership Corp.,* 265 Ga. 229, 454 S.E.2d 510, 513 (1995) (finding a franchise agreement unnecessary because under the enacted ordinance, the utility company's continued use of the streets rendered them liable for the payment of the fees). Rather, I would find the inquiry is whether, after annexation, the imposition of a franchise fee constitutes an ouster, which is prohibited under *City of Abbeville v. Aiken Elec. Coop., Inc.,* 287 S.C. 361, 338 S.E.2d 831 (1985). I would conclude there is no evidence that the Town of Awendaw's imposition of a franchise fee of 3% of SCE & G's gross income, derived from sales of electricity to customers located in Awendaw, would constitute an ouster. Accordingly, I would affirm.