THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jason Tedder, Respondent,
 v.
 Dixie Lawn Service, Inc.,  Appellant.
 
 
 

Appeal From Richland County
J. Ernest Kinard, Jr., Circuit Court Judge
AFFIRMED

Unpublished Opinion No. 2007-UP-249
Submitted May 1, 2007  Filed May 22, 2007
Andrew F. Lindemann, of Columbia, for Appellant.
Barry B. George, of Columbia, for Respondents.
PER CURIAM:  Dixie Lawn Services, Inc. (Dixie) appeals the jurys verdict finding Dixie vicariously liable for injuries Jason Tedder (Tedder) suffered in a motor vehicle accident.  Specifically, Dixie argues the driver, John Fowler, a Dixie employee, was acting outside the scope of his employment at the time of the accident; Tedders attorney made inappropriate remarks during closing argument; the trial court erred in admitting medical expenses without evidence of a connection with the accident; and a new trial was warranted because the damages award was excessive.  We affirm.[1]
FACTS
On August 14, 2001, Tedder and a co-worker were returning to work in a pick-up truck when they were rear-ended by Fowler at approximately one oclock in the afternoon.  Tedders head allegedly struck the rear windshield of the truck he occupied. 
 
At the time of the accident, Fowler was driving a vehicle owned by Dixie, a business that provided lawn and landscaping services.  Fowler was an employee of Dixie and a permissive user of the vehicle.  According to Tedder, immediately following the accident Fowler stated he was on his way to work and regretted the accident.  On cross-examination, Tedder read a statement from his deposition, quoting Fowler saying, Oh, man, Im sorry, I was adjusting my radio, I didnt even see you.  During the deposition, Tedder did not remember any other statements made by Fowler following the wreck. 
 
Tedder brought suit against Dixie.  The jury heard testimony from Tedders chiropractor, Tedder, and a medical records custodian.  Following Tedders presentation of evidence, Dixie moved for a directed verdict on the ground Tedder failed to prove Fowler was acting within the scope of his employment at the time of the accident.  The trial court relied on three facts when denying the motion: the accident occurred in the middle of the day; Fowler was driving Dixies vehicle; and Tedders testimony that Fowler said he was on his way to work.  The trial court determined it was a jury issue whether Fowler was within the scope of his employment.  The jury returned a verdict for Tedder in the amount of $54,927.15. 
 
DISCUSSION
I. Scope of Employment
Dixie argues the trial court erred by not directing a verdict or issuing a judgment notwithstanding the verdict because Tedder failed to prove Fowler was within the scope of employment at the time of the accident.  We disagree.
 
When reviewing the denial of a motion for directed verdict or JNOV, this Court must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party.  Welch v. Epstein, 342 S.C. 279, 299-00, 536 S.E.2d 408, 418 (Ct. App. 2000) (citing Steinke v. S.C. Dept of Labor, Licensing & Regulation, 336 S.C. 373, 520 S.E.2d 142 (1999); Gastineau v. Murphy, 331 S.C. 565, 503 S.E.2d 712 (1998)).  The trial court must deny the motions for directed verdict and judgment notwithstanding the verdict when the evidence yields more than one inference.  Welch, 342 S.C. at 300, 536 S.E.2d at 418 (citation omitted).

Generally, a master is liable for his servants torts when the servant is acting within the scope of employment.  See Bolin v. Bostics, 235 S.C. 319, 322, 111 S.E.2d 557, 558 (1959).  A servant acts within the scope of employment if the action is reasonably necessary to accomplish the purpose of his employment and the action furthers the masters business.  Id. (quoting Adams v. S.C. Power Co., 200 S.C. 438, 441, 21 S.E.2d 17, 19 (1942)).
Bolin illustrates the general rule that an employee driving to and from work is usually acting solely for the employees benefit.  235 S.C. at 323, 111 S.E.2d at 559.  In Bolin, a salesman was driving his own car to his place of business in order to report at the required time.  Id. at 321-22, 111 S.E.2d at 558.  The court found that the salesmans actions did not bring him under special exceptions to the general rule that driving to and from work is outside the scope of employment.  Id. at 324, 111 S.E.2d at 559.  
 
Conversely, in Hamilton v. Miller, 301 S.C. 45, 47-48, 389 S.E.2d 652, 53-54 (1990), an employees action was found within the scope of  employment when the employee drove her supervisors vehicle to pick up her supervisors son from the dentist.  Although the employer was an insurance agency, the employer allowed the employee to run errands for her supervisor.  Id. at 47, 389 S.E.2d at 653.  In determining that the employee was acting within the scope of her employment, the court was persuaded by evidence that the employee was driving the supervisors vehicle, the accident occurred at approximately five oclock in the afternoon during regular office hours, and the employee was being paid her hourly wage at the time of the accident.  Id. at 48, 389 S.E.2d at 654.
In this case the accident occurred at approximately one oclock in the afternoon during regular business hours in the landscaping business.  Fowler was driving a vehicle owned by Dixie, was a Dixie employee, and was a permissive user of the vehicle.  Tedder testified that, following the accident, Fowler approached him and said, Im sorry.  I was on my way to work and I was adjusting my radio and I never saw you.  Tedder testified Fowler stated he had not been at work for a few weeks and Dixie would be mad that he wrecked the truck.  
 
Given our limited scope of review and the specific facts of this case, the issue of whether Fowler was within the scope of employment was properly submitted to the jury and the jurys verdict should not be disturbed.  Therefore, we hold that the trial court did not err in denying Dixies motion for a directed verdict and motion for a judgment not withstanding the verdict based on scope of employment.
II. Closing Arguments
Dixie argues Tedders closing argument deprived Dixie of a fair trial and a new trial is warranted.  We disagree.
A trial court is allowed broad discretion in dealing with the range and propriety of closing argument to the jury.  OLeary-Payne v. R.R. Hilton Head, II, Inc., 371 S.C. 340, 352, 638 S.E.2d 96, 102 (Ct. App. 2006) (petition for certiorari pending) (citing State v. Condrey, 349 S.C. 184, 195-96, 562 S.E.2d 320, 325 (Ct. App. 2002)).  The trial courts rulings regarding content of a closing argument will not ordinarily be disturbed.  OLeary-Payne, 371 S.C. at 352, 638 S.E.2d at 102 (citing State v. Patterson, 324 S.C. 5, 17, 482 S.E.2d 760, 766 (1997)); State v. Copeland, 321 S.C. 318, 324, 468 S.E.2d 620, 624 (1996) (The trial courts discretion will not be overturned absent a showing of an abuse of discretion amounting to an error of law that prejudices the defendant.). 
 
During Tedders closing argument, trial counsel addressed the issue of whether Fowler was, at the time of the accident, actively working for and furthering the interest of Dixie.  Throughout closing argument, Tedders attorney indicated Dixie could have provided evidence regarding Fowlers employment.  Dixies attorney contemporaneously objected that Tedders attorney was shifting the burden of proof.  The trial court responded: They [Dixie] dont have the burden of proof.  He [Tedder] does.  But he [Tedder] can argue conjecture, and so forth, and circumstantial evidence.    
 
After further objection from Dixie, the trial court again instructed the jury that Dixie did not have the burden of proof and informed Tedders attorney the court would require him to sit down if he again referenced what Dixie did or did not do.  Following another comment, Dixies attorney objected again, and the trial court instructed Tedders attorney to sit down.  Following closing arguments, the trial court repeatedly instructed the jury that Tedder, as the plaintiff, had the burden of proof.  
 

 The trial court properly used discretion to cure any possible confusion concerning the burden of proof.  Thus, the denial of Dixies motion for a new trial was not an abuse of discretion. 
 

III. Admission of Medical Bills
Dixie argues the trial court erred in admitting evidence of medical bills incurred by Tedder, when Tedders testimony regarding the bills was the only evidence linking the bills and the accident.  We disagree.
The admissibility of evidence is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion or the commission of legal error prejudicing the defendant.  Wright v. Craft, 371, S.C. 1, ___, 640 S.E.2d 486, 503 (Ct. App. 2006) (citing State v. Mansfield, 343 S.C. 66, 77, 538 S.E.2d 257, 263 (Ct. App. 2000)).  If the facts and circumstances proved give rise to a reasonable inference of a causal connection between a plaintiffs present condition and the earlier accident, the absence of medical testimony need not be conclusive.  Howle v. PYA/Monarch, Inc., 288 S.C. 586, 596, 344 S.E.2d 157, 162 (Ct. App. 1986) (citing Gambrell v. Burleson, 252 S.C. 98, 165 S.E.2d 622 (1969); Grice v. Dickerson, Inc., 241 S.C. 225, 127 S.E.2d 722 (1962)).  
 
In Howle, the Plaintiff testified prior to the accident she did not have vision problems and following the accident she did have vision problems.  288 S.C. at 597, 344 S.E.2d at 162.  As to emotional problems, the Plaintiff testified she was never hospitalized for emotional problems prior to the accident, while doctors testified she was upset and depressed following the accident.  Id. at 597, 344 S.E.2d at 163.  We held that, although the Plaintiff might have presented additional testimony to establish the casual connection between the accident and her visual and emotional problems, a common sense connection that was more than mere temporal sequence existed to support her claim.  Id.  
 

In this case, a chiropractor testified Tedder would not have problems with his neck if the accident had not occurred.  During a description of the accident, Tedder asserted that his head was thrown into the trucks rear windshield.  He distinguished prior injuries as unrelated to his current neck pain.  Tedder stated he would not have incurred the medical expenses if the accident had not occurred. 
 
Dixie objected to admission of the medical bills for lack of foundation, and the trial court made the following explanatory statement to the jury:

 The fact that a medical bill is presented certainly indicates that the bill was incurred.  Okay, the Plaintiff [Tedder] has the burden of showing that it was incurred as a direct result of the particular accident.  Thats all. 
 
 It would be better to have somebody from the medical center to say that was the bill, but, you know, it is in.  Yall have heard the facts.  You will decide whether this bill and the other bills that are going to come in arose out of this accident or not.  
 

Evidence points to more than a mere temporal sequence connecting the medical bills with the accident.  Certainly, testimony from a physician linking the bills and the accident would have strengthened Tedders case, but this failure does not prevent the medical bills from being properly admitted into evidence.  Thus, based on the reasonable inference of their nexus to the accident, the trial court did not err in admitting the medical bills.
IV. New Trial 
Dixie argues the trial court erred in failing to grant a new trial absolute or a new trial nisi due to the alleged excessiveness of the verdict.  We disagree.
A new trial absolute should be granted only if the verdict is so grossly excessive that it shocks the conscience of the court and clearly indicates the amount of the verdict was the result of caprice, passion, prejudice, partiality, corruption, or other improper motives.  Wright v. Craft, 372 S.C. 1, __, 640 S.E.2d 486, 505 (Ct. App. 2006) (quoting Smalls v. S.C. Dept of Educ., 339 S.C. 208, 215, 528 S.E.2d 682, 686 (Ct. App. 2000)).  For a new trial absolute to be warranted, the verdict must be so grossly excessive as to clearly indicate the influence of an improper jury motive.  Wright, 372 S.C. at __, 640 S.E.2d at 505 (citation omitted).  A trial courts failure to grant a new trial absolute will be reversed if the courts discretion was abused. Id. at __, 640 S.E.2d at 505 (citations omitted).
A new trial nisi is only warranted when compelling reasons justify invading the jurys province in awarding its verdict.  Bailey v. Peacock, 318 S.C. 13, 14, 455 S.E.2d 690, 691 (1995); Pelican Bldg. Centers of Horry-Georgetown, Inc. v. Dutton, 311 S.C. 56, 61, 427 S.E.2d 673, 675-76 (1993).  Absent an abuse of discretion amounting to an error of law, the trial courts decision to deny a motion for a new trial nisi will not be disturbed upon review of the trial record.  Bailey, 318 S.C. at 14, 455 S.E.2d at 691.  
 
In the case at hand, Tedders complaint requested relief of $70,000.00.  Tedders medical bills totaled $4,927.15.  Total recovery was not achieved according to Tedders chiropractor.  Tedder testified he suffers from neck pain twenty-four hours a day and experiences spells of dizziness and nausea.  Tedder will likely continue to suffer from injuries related to the accident.  Thus, the jurys verdict does not shock the conscience and is within the range provided in the record.  Accordingly, the trial courts denial of Dixies motion for a new trial absolute or a new trial nisi was not an abuse of discretion.
CONCLUSION
Based on the evidence presented, the trial court properly submitted to the jury the issue of whether Fowler was acting within the scope of his employment.  The trial court cured any improper burden shifting in Tedders closing argument and reinforced those corrections as he charged the jury.  Admission of medical bills that had a reasonable causal connection with the accident was not an abuse of discretion.  The trial court did not err by denying Dixies motions for a new trial absolute and a new trial nisi because the verdict was consistent with evidence in the record.
Accordingly, the jurys verdict awarding damages in the amount of $54,927.15 and the trial courts rulings are 
 
AFFIRMED.
ANDERSON, HUFF and BEATTY, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.