THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Shawn M. Reid
 d/b/a Bolt Electric, Appellant,
 v.
 Michael J.
 Carr, Andrea K. Carr, and Kessler Construction Company, Respondents.
 
 
 

Appeal from Beaufort County
Curtis L. Coltrane, Master-In-Equity
Unpublished Opinion No. 2008-UP-541
Submitted September 2, 2008  Filed
 September 17, 2008    
AFFIRMED

 
 
 
 Ehrick K. Haight, Jr., of Hilton Head Island, for Appellant.
 Terry A. Finger and Tyler A. Melnick, both of Hilton Head Island,
 for Respondents.
 
 
 

PER CURIAM:  Shawn M. Reid appeals the masters grant
 of summary judgment in favor of the Carrs based on the failure to serve a
 mechanics lien.  We affirm.[1]
FACTS
 AND PROCEDURAL HISTORY
Reid
 performed electrical work on a home being built by the Carrs.    Reid filed a
 mechanics lien against the property.  Reid attempted to serve the Carrs by
 leaving the notice and certificate of lien with Carlos Garcia, a painting
 subcontractor present on the property.  Reid had the Sheriffs Office in Oakland County, Michigan attempt to serve the Carrs at their residence in that state.  When
 the Sheriffs Office was unable to serve the Carrs, Reid filed affidavits of
 non-service approximately 109 days after the last date of work on the subject
 property.  
The
 master granted the Carrs motion for summary judgment for lack of effective
 service under S.C. Code Ann. § 29-5-90, the mechanics lien statute.  Reid
 appeals.
STANDARD
 OF REVIEW
Reid
 argues that the master erred in granting summary judgment to the Carrs, because
 there were genuine issues of material fact regarding service of the mechanics
 lien.  However, the record shows that the facts are essentially undisputed. 
 The question presented to the master was whether the facts set forth satisfied
 the service requirements found in the mechanics lien statute.   When an
 appeal involves stipulated or undisputed facts, an appellate court is free to
 review whether the trial court properly applied the law to those facts.  Duke
 Power Co. v. Laurens Elec. Co-op., Inc., 344 S.C. 101, 104, 543 S.E.2d 560,
 561 (Ct. App. 2000).   
LAW/ANALYSIS
Reids
 first argument involves service of the notice and certificate of lien on
 Garcia.  Reid contends that Garcia, a laborer of a subcontractor, constitutes a
 person in possession as contemplated by the mechanics lien statute.  The
 statute provides that a mechanics lien shall
 be dissolved unless the person desiring the lien serves the owner or person in
 possession of the property with a notice and certificate of lien.  S.C. Code
 Ann. § 29-5-90 (2007).  The only
 case touching on this issue is Stovall Bldg. Supplies, Inc. v. Mottet,
 305 S.C. 28, 406 S.E.2d 176 (Ct. App. 1990).  In Stovall, the court
 determined that service of a mechanics lien on a subdivision security guard
 did not constitute service on a person in possession as contemplated by the
 statute.  Id. at 33, 406 S.E.2d at 179.  The court stated [t]he
 security guard was not a responsible person living in the [owners] home.  Id.  Likewise, Garcia, as the employee of a subcontractor, was not a responsible
 person living in the home.  Therefore, service on Garcia would not constitute
 service on a person in possession and would not be sufficient to preserve the
 mechanics lien.
Reid
 further argues the affidavits of non-service that were filed outside the ninety-day
 statutory period are valid to preserve the lien.  The statute sets a ninety-day
 time limit after the last date of labor or furnishing of materials to
 accomplish service.  S.C. Code Ann. §
 29-5-90 (2007).  The statute contemplates that service may not always be
 possible.  Id.  [I]n the event neither the owner nor the person in
 possession can be located after diligent search, and this fact is verified by
 affidavit of the sheriff or his deputy, the lien may be preserved by filing the
 statement together with the affidavit.  Id.  The statute does not however provide for an
 extension of time for attempted service or the subsequent filing of affidavits
 of non-service.  To read a vague grace period into the statute would go against
 the general policy of interpreting statutes according to their plain meaning.  See Mun. Assn of S.C. v. AT&T Commcns of S. States, Inc., 361 S.C.
 576, 580, 606 S.E.2d 468, 470 (2004) ([T]he words of the statute must be given their plain and
 ordinary meaning without resorting to subtle or forced construction to limit or
 expand the statute's operation.).  Accordingly, the master correctly applied
 the statute under these circumstances to conclude that the filing of affidavits
 of non-service outside the ninety-day time limit did not preserve the lien. 
Finally,
 Reid argues that service on the Kessler Construction Company  as general
 contractors satisfied the requirement of service on the owners.  Nothing in the
 statute provides for such substituted service, and the relevant affidavit of
 service only indicates service on Kessler Construction as a party, not as agent
 for the Carrs.
Based on all of the foregoing, the ruling of the master is 
AFFIRMED.

ANDERSON, WILLIAMS,
 and KONDUROS, JJ., concur.

[1]        We decide this case without oral argument pursuant
 to Rule 215, SCACR.